UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| KEMARI AVERETT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-CV-00116-DJH |
| | ) | |
| UNIVERSITY OF LOUISVILLE, et. al. | ) | **JUDGE DAVID J. HALE** |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S ANSWER TO DEFENDANT
COLEMAN'S COUNTER-CLAIM**
_____

Comes Plaintiff, by counsel, and states as his Answer to Defendant Destinee Coleman's Counter-Claim as follows:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff admits the allegations contained in numerical paragraphs 1-4 of the Counter-Claim.

3. Plaintiff is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegation contained in numerical paragraph 5 of the Counter-Claim and therefore denies same. Further, said allegation calls for a legal conclusion, ignores epistemological inferences surrounding the word, and the context in which the word can be used. Therefore, Plaintiff denies same.

4. Plaintiff denies the allegations contained in numerical paragraphs 6 and 7 of the Counter-Claim, and states as an affirmative defense that Coleman invited herself to apartment for the express purpose of having sex, and crawled into his bed, knowing that he was un-clad, and engaged in consensual sex. Before having sex, she asked

him if he had "that girl" pregnant and he said "No." After having sex, she asked him if he had that "white girl" pregnant. When he said "yes," she got angry and began to act weird and stormed out of the apartment.

5. Plaintiff denies so much of the allegations contained in numerical paragraphs 8 - 14 of the Counter-Claim insofar as they assert or imply that Coleman was raped and assaulted. Further, Plaintiff is without sufficient knowledge and information to form an informed belief regarding PEACC and the Center for Women and the role they played in Coleman's charade. Therefore, Plaintiff denies the allegations, and more specifically paragraph 14 claiming the SAFE exam demonstrated forcible penetration and rape.

6. Plaintiff is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in numerical paragraphs 15-16, and therefore denies same. Further, Plaintiff states as an affirmative defense that the University intentionally and negligently failed to conduct an objective investigation and made no effort to investigate the truth of Plaintiff's explanation that the sexual encounter was fabricated.

7. Plaintiff admits the allegations contained in numerical paragraphs 18, 19, and states as an affirmative defense that his response to the newspaper was based on Coleman's and Hardy's claim as to when the sexual encounter occurred.

8. Plaintiff denies the allegations contained in numerical paragraph 20 that she was raped, but admits that she schemed and manipulated others to support her slanderous claim that she was raped.

9. Plaintiff denies the allegation in paragraph 21 that he testified untruthfully, and numerical paragraph 31implying that he raped Coleman and impugned her character, and states as an affirmative defense that Coleman's character and reputation are well-known on the University campus and the football team.

10. Plaintiff admits the allegations contained in numerical paragraphs 22, 23, and so much of 24 that he defended himself against Coleman's slanderous claim.

11. Plaintiff admits the allegations contained in numerical paragraphs 25, 26, 27, 28, 29, 30 and 32 of the Counter-Claim.

12. Plaintiff admits the allegations contained in numerical paragraphs 33-36 and admits as an affirmative defense that Coleman repeated her claim and took calculated steps to support her false claim that she was raped all because she was angered that Plaintiff had gotten his white girlfriend pregnant and had broken off relations with Coleman.

13. Plaintiff denies the allegations contained in numerical paragraph 37.

14. Plaintiff admits the allegation contained in numerical paragraphs 38 – 41 and states further as an affirmative defense that Detective Brown, in conjunction with the prosecutor's very strenuous efforts, vigorously tried to persuade the grand jury to indict Averett.  Further, Coleman did not ask to appear before the grand jury. Further, neither the prosecutor nor Brown asked or subpoenaed her to appear, apparently thinking it was totally unnecessary.

15. Plaintiff denies the allegations contained in numerical paragraphs 42-48 and states as an affirmative defense that Coleman's claims and actions are fabrications

designed to conceal her true motives, including the destruction of evidence and her racist attitude and objection to Black men dating white women.

16. Plaintiff denies the allegations contained in numerical paragraphs 49- 54 regarding her claim of battery, 55-59 regarding her claim of assault, 60-67 regarding her claim of intentional infliction of emotional distress, 68-73, her claim of abuse of process, and 74-81 regarding her claim of invasion of privacy

17. Further, the allegations contained in numerical paragraphs 50, 56, 61, 75, and 76, call for legal conclusions, thus do not require a response.

18. As a further affirmative defense, Plaintiff adopts and incorporates by reference as if fully set forth herein all the allegations contained in his Second Amended Complaint.

**WHEREFORE,** Plaintiff respectfully demands as follows:

1. That the Counter-Claim be dismissed for failure to state a claim upon which relief may be granted;
2. Trial by jury on all issues so properly triable;
3. His costs herein expended, including reasonable attorney's fees;
4. Any and all further relief to which he may appear to be so properly entitled.

Respectfully Submitted,

/ s /  Aubrey Williams
AUBREY WILLIAMS, *Ph.D.*
*One Riverfront Plaza*
Suite 1708
Louisville, KY  4-202
(5020 581-1088
FAX: 581-0595
E: aubreyw8243@bellsouth.net
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

It is hereby certified that on April 24, 2019, the foregoing Answer to Defendant Destinee Coleman's Counter-Claim was filed with the Clerk of this Court via the Court's CM/ECF electronic filing system, which will sent notice of filing on even date to the individuals listed below:

Hon. Jeremiah
Frost Brown Todd, PLLC
400 West Market Street, 32nd Floor
Louisville, KY  40202
**Counsel for Destinee Coleman**

Hon. Donna King Perry, and
Hon. Matthew Barszcz
Dinsmore & Shohl, LLP
101 Fifth Street, Suite 2500
Louisville, KY 40202
E: Donna.Perry@dinsmore.com
E: Matthew.Barsca@dinsmore.com
**Counsel for Defendants** *Shirley Ann Hardy, Angela B. Taylor, PhD., Michael Mardis, PhD., University of Louisville, Board of Trustees, and Detective William Brown*

                                              / s / Aubrey Williams