UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19CV-00116-DJH

KEMARI AVERETT                                                    PLAINTIFF

VS.

SHIRLEY ANN HARDY, et al.                                        DEFENDANTS

## ORDER

Presently before the Court is Defendant Destinee Coleman's Motion for Protective Order pursuant to Federal Rule of Civil Procedure 5.2 (DN 25), seeking that Plaintiff Kemari Averett redact exhibits to his Complaint and Second Amended Complaint and refile those exhibits with the Court. Specifically, Coleman seeks that Plaintiff redact the following information: (1) her home address; (2) her mother's home address; (3) her phone number; (4) her date of birth; and (5) her social security number.  (DN 25). Coleman also seeks the Court order Plaintiff to pay reasonable attorneys' fees and costs associated with filing this Motion. (*Id.*).

Plaintiff filed a response indicating that he "does not know where the objectionable information is" and that he did not know whether the redaction rule spoke to the materials at issue because such materials were produced and introduced in the record by Coleman in a separate action. (DN 27).  Plaintiff also seeks reasonable attorney's fees from Coleman for "having to defend against this motion." (*Id.* at p. 2). In her reply, Coleman specifically identifies PageID #s 50, 69, 70, and 71 from Plaintiff's Complaint at DN 1 as containing personal identifiers needing redaction. (DN 30). Coleman filed a separate response to Plaintiff's request for attorney's fees. (DN 31).

1

Federal Rule of Civil Procedure 5.2(a) provides that an electronic filing with the court that contains an "individual's social security number, taxpayer-identification number, or birth date . . . may include only (1) the last four digits of the social-security number and taxpayer-identification number; [and] (2) the year of the individual's birth . . ." Fed. R. Civ. P. 5.2(a)(1)-(2). Subsection (e) of this Rule states that "[f]or good cause," the Court may issue a protective order that requires "redaction of additional information; or limit[s] or prohibit[s] a non-party's remote electronic access to a document filed with the court." *Id.* (e)(1)-(2). Good cause can be shown by demonstrating that the "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983).

After reviewing the party's arguments, the Court finds that Rule 5.2 operates to protect Coleman's full social security number and birthdate from being electronically filed in case documents. The Court additionally finds that good cause exists to protect Coleman's home address, phone number, and her mother's address. Redacting this information does not infringe on the public's right to access because this information is irrelevant to the merits of this action. *See Concerned Pastors for Social Action v. Khouri*, No. 16-10277, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016). Further, the Court declines to impose attorney's fees as requested by both parties but warns Plaintiff's counsel that his failure to comply with Federal Rule 5.2 going forward will result in an imposition of sanctions.

**IT IS THEREFORE ORDERED** that Coleman's Motion for Protective Order (DN 25) is **GRANTED in part.** The Clerk of Court is **DIRECTED TO RESTRICT** electronic access to these documents (DN 1, PageID #s 50, 69, 70, and 71) to Court users and participants in this case.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL FILE REDACTED VERSIONS** of these documents, in compliance with this Order, within **seven (7) days entry of this Order.**

2

3

**IT IF FURTHER ORDERED** that both Plaintiff's and Coleman's requests for attorney's fees relating to this issue (DN 25; DN 27) are **DENIED.**

Regina S. Edwards, Magistrate Judge

United States District Court

Copies:        Counsel of Record

May 24, 2019