*FILED ELECTRONICALLY*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **KEMARI AVERETT,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Case No. 3:19-CV-00116-BJB-RSE** |
| v. | ) | |
| | ) | |
| **SHIRLEY HARDY, ET AL.** | ) | |
| | ) | |
| *Defendants.* | ) | |

### UNIVERSITY OF LOUISVILLE'S MOTION TO QUASH SUBPOENA/MOTION FOR PROTECTIVE ORDER

University of Louisville is not a party to this action.[1] Averett has three claims pending: a procedural due process claim against Hardy and two claims against Coleman: one for intentional infliction of emotional distress and one for defamation. In connection with these claims, Averett has sought to obtain private records of a significant number of students involved in a Code of Student Conduct proceeding over a three-year period.

Averett has served multiple subpoenas on the University requesting the production of a broad number of private student files involving students who have no connection to this litigation – information that is specifically protected under the Family Educational Rights and Privacy Act. The production of these records is irrelevant to Averett's pending claims, constitutes an undue burden on the University, and will require the disclosure of federally protected private information of current and former University students who, again, have no connection whatsoever to this litigation. Counsel for the University and counsel for Averett discussed this matter at length on June 9, 2021, but were unable to reach a resolution of this issue. The University now requests that the Court quash this subpoena in accordance with Rules 26 and 45.

---

[1] *See* DN #55, Opinion and Order dismissing claims against University of Louisville.

**Factual Background**

On April 21, 2021, the University received a subpoena requesting various job descriptions as well as "the Title IX and Student Conduct files on which [Brian] Bigelow was involved during his affiliation with U of L."[2] Bigelow was the Title IX Coordinator at the time of Averett's student disciplinary proceeding. The University responded to this subpoena and produced the requested job descriptions but objected to the production of the student files.[3]

On June 4, 2021, the University received an identical copy of this subpoena requesting production of various job descriptions as well as "the Title IX and Student Conduct files on which Bigelow was involved during his affiliation with U of L."[4] This subpoena called for the production of these materials by June 7, 2021. On June 7, 2021, counsel for the University contacted Averett's counsel to request that he either withdraw the subpoena or provide the University additional time to respond.[5] Averett's counsel and counsel for the University agreed to discuss this issue later that week on June 9, 2021.[6]

Following a lengthy discussion, Averett's counsel agreed that there was no need for the University to produce the job descriptions a second time.[7] Counsel for Averett and counsel for the University could not, however, reach a resolution regarding the student records and the University's objection to their production. The University now seeks to quash these subpoenas with respect to the request for the Student Conduct files.

---

[2] April 15, 2021 Subpoena to Mary Elizabeth Miles, attached as Exhibit 1.
[3] University of Louisville's Objection to subpoena, attached as Exhibit 2.
[4] Undated Subpoena to Mary Elizabeth Miles, attached as Exhibit 3.
[5] June 7, 2021 Email exchange between Matt Barszcz and Aubrey Williams, attached as Exhibit 4.
[6] June 7, 2021 Email from Aubrey Williams to Matt Barszcz, attached as Exhibit 5.
[7] June 9, 2021 Email exchange between Matt Barszcz and Aubrey Williams, attached as Exhibit 6.

1.      **The subpoena should be quashed because it seeks irrelevant information and imposes an undue burden on the University.**

District courts must quash or modify subpoenas that "subject a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). *Perez v. Off Duty Police Services, Inc.*, 2015 U.S. Dist. LEXIS 58015, at *2 (W.D. Ky. May 4, 2015) ("a court 'must quash or modify subpoena that subjects a person to undue burden'"). Whether the burden of the subpoena is 'undue requires weighing 'the likely relevance of the requested material … against the burden … of producing the material.'" *Id.* at *8 (citing *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010) (quoting *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994)). "A nonparty seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted." *Id.* at *8-9.

"Protection from subpoenas under Rule 45 'tracks the provisions of Rule 26(c)' which provides for the issuance of protective orders." *Id.* (citing *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus., Inc.*, 2005 U.S. Dist. LEXIS 30594, at *2 (W.D. Mich. Aug. 24, 2005) (quoting *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002)). "Whether compliance with the subpoena imposes an undue burden under Rule 45 requires that the court balance the competing factors of: (1) relevance, (2) need, (3) confidentiality, and (4) harm." *Brown v. Tax Ease Lien Servicing, LLC*, 2017 U.S. Dist. LEXIS 215979, at *7 (W.D. Ky. 2017) (citing *Anderson*, 2010 U.S. Dist. LEXIS at *8).

"When dealing with a non-party, 'the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party." *Blount v. Stanley Eng'g Fastening*, 2021 U.S. Dist. LEXIS 45839, at *7 (W.D. Ky. Mar. 11, 2021). In "weighing these various factors, courts proceed cautiously in enforcing a subpoena when the information is being sought from a non-party to the litigation." *Anderson*, 2010 U.S. Dist. LEXIS at *7 (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993); *Allen v. Howmedica Leibinger*, 190 F.R.D. 518, 521 (W.D. Tenn. 1999); *Echostar Commc'ns Corp. v. News Corp.*

3

*Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998)); *see also Jackson v. Gogel*, 2015 U.S. Dist. LEXIS 69413, at *6 (E.D. Ky. 2015) (holding same).

There is simply no need for Averett to obtain any of the Code of Student Conduct files Brian Bigelow was involved in during his employment with the University, let alone *all* of them. Neither Bigelow nor the University are parties to this action. And information about other student disciplinary proceedings has no bearing whatsoever on the issue of whether Hardy – the lone University-affiliated defendant – failed to provide Averett with notice of the charges against him and an opportunity to be heard – the elements at issue in a procedural due process claim.

Evidence of what occurred in disciplinary matters involving other students accused of different violations of the Code of Student Conduct do not make it more or less likely that Averett received or was denied due process in November 2018. At best, these files would show similar or different outcomes from Averett's case – something that has nothing whatsoever to do with whether Averett received sufficient process in connection with his Code of Student Conduct hearing in November 2018. In other words, these records lack any relevance to Averett's claim and, as such, have no probative weight in balancing this against the undue burden on the University in responding to this subpoena.

Averett's claim against Hardy is that she denied him due process in connection with a Code of Student Conduct hearing in November 2018. Bigelow was employed at the University of Louisville as the Title IX Coordinator from July 2016 to August 2019 – a period far greater than the narrow time period at issue in Averett's Second Amended Complaint. Given the relatively narrow time period at issue in this litigation, a request for over three years of student records is clearly overbroad.

Additionally, there is no readily discernable way for the University to determine which student disciplinary matters Bigelow was involved in during his tenure at the University. In order to

comply with Averett's subpoena, the University would need to identify all Code of Student Conduct proceedings that took place during those three years and then review all of those files to determine which files involved Title IX issues. It would also need to search all non-Title IX Code of Student Conduct files to identify those files where Bigelow's name appears before it can even determine how many different student disciplinary proceeding files it would need to produce to Averett. A response to this subpoena will require significant hours and expense on the University's part. This is plainly an undue burden to the University – a non-party to this litigation.

In *Brown v. Tax Ease Lien Servicing, LLC*, 2017 U.S. Dist. LEXIS 215979 (W.D. Ky. Aug. 18, 2017), the Western District of Kentucky quashed a similarly overbroad subpoena for similar reasons. In that case, responding to the subpoena would have required the non-party to "work backwards from each of the 50 [title] reports [paid for by the non-party] to examine each of the 50 case files to find any possible documents in the affected case file that related to the payment of the particular invoice at issue." *Id.* at *9-*10. This burden, when compared against the "marginal relevance" of the requested information was sufficient for the Court to quash the subpoena at issue. This Court should reach the same result here.

Responding to Averett's subpoena with all of the Code of Student Conduct files that Brian Bigelow was involved in for over three years will require significant time and expense by the University. That time and expense is not justified in light of the fact that these records have no relevance whatsoever to Averett's claim for procedural due process violations. The Court should properly quash this subpoena.

2.     **The subpoena should be quashed because it seeks private information about University students who have no connection to this litigation.**

Averett's subpoena is highly invasive: it seeks private information about student disciplinary issues involving a wide range of conduct and outcomes about current and former students who have no connection whatsoever to this litigation. Production of these records would include production

5

of records involving not only students accused of violating the Code of Student Conduct but also production of records involving victims of alleged Code of Student Conduct violations. Not only is this information about non-parties highly sensitive, it is also information protected by the Family Educational Rights and Privacy Act. As a public university, the University of Louisville is covered by and is required to adhere to FERPA's requirements.

FERPA protects educational records of students, including those records relating to disciplinary proceedings, from disclosure. *See* 20 U.S.C. § 1232g; 34 C.F.R. 99.3. FERPA contains an exception pursuant to a lawfully authorized subpoena but, in the context of a civil subpoena, before any disclosure can be made, "the institution may disclose information [in response to a subpoena] only if the agency or institution makes a reasonable effort to notify the parent or student of the order or subpoena in advance of compliance, so that the parent or student may seek protective action[.]" 34 C.F.R. 99.31(a)(9)(ii). In other words, the University is required to notify every student who was accused of violating the Code of Student Conduct and every student who reported a violation of the Code of Student Conduct that it would be disclosing records relating to those violations before producing records in response to Averett's subpoena. This notice requirement imposes yet *another* burden on the University in responding to this subpoena to produce information that has no relevance whatsoever to Averett's pending due process claim.

Additionally, beyond the University's obligation to notify each impacted student, those students further have the opportunity to seek protective action of the disclosure of their own records. FERPA clearly contemplates protecting the privacy rights of students in their educational records. Courts recognize the importance of this privacy interest, especially in the context of responding to a subpoena and generally impose a heightened burden on the party seeking production of private student information. "[T]he party seeking disclosure [of FERPA protected materials] is required to demonstrate a genuine need for the information that outweighs the privacy

6

interest of the students." *Rios v. Read*, 73 F.R.D. 589, 599 (E.D. N.Y. 1977). Averett cannot make this showing. His claim against Hardy is a claim specific to him and his factual situation – that he was allegedly denied due process in the context of a student disciplinary proceeding. The facts and circumstances of what happened in other student proceedings has no impact on Averett's ability to prove his claim here.

In a similar case, *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521 (N.D. Ga. 2012), the court quashed a similar subpoena because of the privacy interests of the non-party students. In that case, the plaintiff sought to obtain all academic advisory records given to students at a university by a defendant in her suit for copyright infringement stemming from the publication of a dissertation similar to a book she had published. *Id.* at 523-24. The court quashed this subpoena because it sought private information about non-party student that was protected by FERPA and the privacy interests of the students, as well as the school's reporting requirements, and these interests outweighed any need the plaintiff had for those materials. *Id.* at 527. This Court should reach the same result here.

## Conclusion

Averett has not shown any reason why he needs disciplinary files of students who are not parties to this action. With no legitimate reason for these materials, he cannot justify the undue burden this request imposes on the University of Louisville nor can he justify the imposition on the privacy interests of students who have no connection whatsoever to this action. The Court should properly quash Averett's subpoenas for these records.

Respectfully submitted,

/s/ Matthew Barszcz
Donna King Perry
Matthew Barszcz
DINSMORE & SHOHL LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone:  (502) 581-8000
E-Mail:  donna.perry@dinsmore.com
E-Mail:  matthew.barszcz@dinsmore.com
*Counsel for Defendant Shirley Ann Hardy, and Non-Parties Angela B. Taylor, PhD., Michael Mardis, PhD., University of Louisville, Board of Trustees University of Louisville, and Detective William Brown*

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on the following attorney(s) of record:

Aubrey Williams, Esq.
One Riverfront Plaza
401 West Main Street, Suite 1708
Louisville, Kentucky  40202
E-Mail:  Aubreyw8243@bellsouth.net
*Counsel for Plaintiff*

Jeremiah A. Byrne, Esq.
D. Christopher Robinson, Esq.
Casey Wood Hensley, Esq.
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky  40202
E-Mail:  jbyrne@fbtlaw.com
          crobinson@fbtlaw.com
          chensley@fbtlaw.com
*Counsel for Defendant Destinee Coleman*

Georgia T. Connally, Esq.
Connally Law Offices
214 S. Eighth Street, Suite 201
Louisville, KY  40202
E-Mail:  georgia@connallylawoffices.com
*Counsel for Defendant Destinee Coleman*

/s/ Matthew Barszcz
*Counsel for Defendant Shirley Ann Hardy and Non-Parties*
*Angela B. Taylor, PhD., Michael Mardis, PhD., University*
*of Louisville, Board of Trustees University of Louisville,*
*and Detective William Brown*