UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00116-BJB

**KEMARI AVERETT**                                                                                                                    **PLAINTIFF**

VS.

**SHIRLEY ANN HARDY, et al.**                                                                                                    **DEFENDANTS**

## ORDER

Before the Court is Defendant Destinee Coleman's Motion to Stay Civil Action during her active duty in the United States Army National Guard pursuant to the Servicemembers Civil Relief Act. (DN 109). Plaintiff Kemari Averett opposes Coleman's request. (DN 111). The only other remaining defendant in the action, Shirly Ann Hardy, does not oppose Coleman's motion to stay but requests that if the Court grants the stay, that Plaintiff's claim against her be bifurcated from his claims against Coleman. (DN 112). Plaintiff also opposes Hardy's request for bifurcation. Both Coleman's Motion to Stay and Defendant Hardy's Cross-Motion for Bifurcation are fully briefed and have been referred to undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (DN 80).

### I. Background

In February of 2019, Plaintiff Kemari Averett initiated this action against Destinee Coleman, Shirly Ann Hardy, and several other defendants that have since been dismissed. (DN 1). As to Coleman, Plaintiff alleged defamation of character for her falsely accusing him of rape and publishing the false allegations on social media. (*Id.*). Two months later, Coleman filed counterclaims against Plaintiff for battery, assault, intentional infliction of emotional distress, abuse of process, and invasion of privacy. (DN 24). As to Hardy, Plaintiff alleged that he did not receive due process at a student disciplinary hearing in November of 2018. (DN 1).

On July 26, 2021, the Court partially granted a motion to compel discovery filed by Plaintiff. (DN 108). The Order required Defendant Destinee Coleman to supplement her responses to certain of Plaintiff's interrogatories and requests for production within fourteen days. (*Id.*). Before this fourteen-day period expired, Coleman filed a motion to stay this civil action pursuant to the Servicemembers Civil Relief Act. (DN 109). Counsel for Coleman states that in June of 2021, Coleman left Louisville, Kentucky, to attend "Army Boot Camp" and enter Basic Training with the United States Army National Guard. (*Id.*). Coleman is now at Fort Jackson, South Carolina and is not expected to return to Louisville until at least January of 2022. (*Id.*). Counsel has attempted to contact Coleman via phone, but Coleman has been unreachable. (*Id.*). These circumstances, Coleman's counsel argues, materially affect Coleman's ability to litigate this civil action, including timely complying with the Court's July 26, 2021 Order, and necessitate a stay of the action until February of 2022 when Coleman returns from active duty. (*Id.*).

In opposing Coleman's request, Plaintiff argues that Coleman has not met the requirements under the Servicemembers Civil Relief Act for a stay. (DN 111). Plaintiff emphasizes that Coleman's failure to communicate her plans to counsel regarding the National Guard demonstrates a lack of seriousness toward this litigation and for the entire federal judicial system. (*Id.*).

Defendant Hardy does not oppose Coleman's motion to stay but has filed a contemporaneous motion to bifurcate. (DN 112). If the Court deems a stay due to Coleman's service appropriate, Hardy requests Plaintiff's procedural due process claim against her be bifurcated from the tort claims between Plaintiff and Coleman. (*Id.*). Bifurcation would not prejudice Plaintiff, according to Hardy, because Plaintiff's due process claim against her is narrow and unrelated to his tort allegations against Coleman. (*Id.*). Plaintiff responds that bifurcating his claims against Coleman from his claim against Hardy would result in extreme hardship and the

inability to have a fair trial. (DN 115).

## II. Standard

The Servicemembers Civil Relief Act (SCRA) applies to any civil action or proceeding, in which the plaintiff or defendant at the time of filing an application under the Act "is in military service or is within 90 days after termination of or release from military service" and "has received notice of the action or proceeding." 50 U.S.C. app. § 522(a). Subsection (b) entitles litigants qualified under subsection (a) to a stay of proceedings when certain conditions are met. The Act instructs courts to stay the action "for a period of not less than 90 days" when the applicant provides:

(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

[and]

(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. app. §522.

## III. Analysis

Counsel for Coleman represents that Coleman, beginning in June of 2021, became a member of the Army National Guard and is currently on active duty. There is no doubt that Coleman had notice of this action because it has been ongoing since February of 2019 and because Coleman both answered Plaintiff's Complaint and filed Counterclaims. (DN 24). Based on this information, it appears that Coleman has met the requirements of § 522(a).

Coleman, however, fails to meet the conditions of § 522(b). Subsection (A) requires a "letter or other communication" describing how military service will affect the litigant's ability to appear and stating when the litigant will be available to appear. The only "letter or other

3

communication" counsel for Coleman submits is the Motion to Stay. Within the motion, counsel only vaguely states that they have not had contact with Coleman because "her cell phone has been turned off" and Coleman's military service is materially affecting her ability to correspond with counsel, answer discovery, and appear for a deposition within the parameters of the Court's scheduling order. (DN 109).

Even if Coleman's Motion to Stay satisfies subsection (A), Coleman has made no attempt to comply with subsection (B). The latter section requires a "letter or communication" from the litigant's commanding officer stating that military service will prevent her appearance and that she does not have authorized military leave. Again, counsel for Coleman submits no such letter or communication, and neither their Motion (DN 109) nor Reply (DN 114) reference efforts to contact Coleman's commanding officer. Coleman, accordingly, has not established the conditions to justify a stay under the Servicemembers Civil Relief Act. *See, e.g., Mueller v. City of Greenfield*, No. 1:15-cv-00087-SEB-MJD, 2015 WL 13646939, at *2 (S.D. Ind. June 18, 2015).

Coleman suggests that even setting aside the Act, the Court can use its inherent authority to control its docket and stay discovery until February of 2022. While the Court, indeed, has broad discretion in managing discovery, it must weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. *Roth v. President & Bd. of Trustees of Ohio Univ.*, No. 2:08-cv-1173, 2009 WL 2579388, at *1 (S.D. Ohio Aug. 18, 2009) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981)). The Court must also consider whether any societal interests are implicated either by proceeding or postponing discovery. *Id.* (citing *Marrese v. Am. Academy of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)). Coleman, alternatively, requests that the Court extend all case deadlines until Coleman has completed basic training.

Here, it is unclear the level of hardship Coleman will endure if discovery is not stayed or extended. Coleman's motion does not indicate when her counsel became aware of her expected unavailability due to basic training and active duty. Coleman began her service in June of 2021, but counsel did not notify the Court of this change until filing their motion to stay on August 5, 2021. The Court is also concerned with counsel's representation that they have been unable to reach Coleman because her cellular phone is off. Counsel did not indicate that Coleman has no access to her cell phone or to other means of communication during basic training or bring such a policy to the Court's attention. While certain discovery, namely Coleman's deposition, may not be attainable while she is in basic training, there might still be a possibility that Coleman could communicate with counsel to provide the outstanding written discovery as required by the Court's July 26, 2021 Order.

Coleman's decision to serve in the National Guard is admirable and important; however, because Coleman has not complied with the SCRA and has not otherwise provided sufficient information at this juncture to warrant a five-month stay, the Court denies Coleman's motion.[1] This denial is without prejudice to Coleman's right to refile such a motion within fourteen days once Coleman cures the deficiencies outlined above. In declining to stay the action at this juncture, the Court will likewise deny Defendant Hardy's motion to bifurcate without prejudice.

The Court further finds a blanket extension of the scheduling order deadlines to February 2022 is not appropriate at this time. However, several deadlines have expired during the pendency of this motion practice that must be addressed. The fourteen-day deadline for Coleman to comply

---

[1] Several courts have declined to deny motions to stay under the SCRA for failing to comply with procedural technicalities because the purpose of the SCRA is to protect the rights of those serving in the military. *See, Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2016 WL 11508264, at *2 (E.D. Tenn. July 25, 2016) (collecting cases); *Hoi dang v. McMinn County,* 2010 WL 419960, at *1 (E.D. Tenn. Jan. 29, 2010). The Court here will not follow this path because Coleman's motion not only fails to comply with the Act's procedural technicalities but also simply contains inadequate information for the Court to grant a stay.

with the Court's July 26, 2021 Order has passed. And per the parties' agreed order from May 21, 2021, the discovery deadline expired on September 24, 2021. While the parties' *Daubert* and dispositive motion deadlines do not run until November 8, 2021, that deadline is rapidly approaching.

Accordingly, the Court gives Coleman's counsel fourteen days from entry of this Order to continue their attempts at contacting Coleman in order to comply with the Court's July 26, 2021 Order. Counsel shall file a status report at the end of this fourteen-day period describing their efforts at communicating with Coleman and the remaining discovery that needs to be completed in the case. Upon receipt of this status report, the Court will determine next steps regarding extension of the expired discovery deadline and the upcoming dispositive and *Daubert* motion deadline.

## IV. Order

**IT IS THEREFORE ORDERED** that Defendant Coleman's Motion to Stay (DN 109) is **DENIED without prejudice** with leave to refile within fourteen (14) days entry of this Order.

**IT IS FURTHER ORDERED** that Defendant Hardy's Motion to Bifurcate (DN 112) is **DENIED without prejudice** with leave to refile in the event that Coleman refiles her motion to stay.

**IT IS FURTHER ORDERED** that within fourteen (14) days entry of this Order, Defendant Coleman shall file a status report in the record that describes counsel's attempts to communicate with Coleman and obtain assistance in responding to discovery and outlines the

remaining discovery that needs to be completed in the case. Upon receipt and review of this status report, the Court will determine next steps regarding the scheduling order deadlines.

Regina S. Edwards, Magistrate Judge
United States District Court

Copies:     Counsel of Record

October 8, 2021