UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00116-BJB

KEMARI AVERETT                                                                                              PLAINTIFF

VS.

SHIRLEY ANN HARDY, et al.                                                DEFENDANTS

**ORDER**

Former Defendant University of Louisville has filed a Motion to Quash Subpoena/Motion for Protective Order relating to Plaintiff Kemari Averett's attempts to obtain student disciplinary files. (DN 105). Averett has responded in opposition. (DN 110). University of Louisville has replied. (DN 113). Fully briefed, this motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (DN 80).

I. Background

This action arises from a sexual encounter between two University of Louisville students, Kemari Averett and Destinee Coleman, in August of 2018, and the related investigation and disciplinary action taken against Averett by the University of Louisville. (DN 5). In March of 2020, the Court dismissed Averett's claims against the University of Louisville, the University of Louisville Board of Trustees, Detective William Brown, Dean Angela Taylor and Dean Michael Mardis. (DN 55). Averett's only remaining claims in the case include a procedural due process claim against Student Conduct Officer Shirley Ann Hardy and defamation and intentional infliction of emotional distress claims against Destinee Coleman.

On April 15, 2021, Averett propounded a subpoena on Mary Elizabeth Miles, the Director of Employee Relations and Compliance and Deputy Title IX Coordinator, commanding production of copies of "job descriptions of Dr. Michael Mardis, Dr. Angela Taylor, [sic] Mr. Brian Bigelow

from August 2018 to March of 2019, and the Title IX and Student Conduct files on which Bigelow was involved during his affiliation with U of L" by April 22, 2021. (DN 105-1). Former Defendant the University of Louisville ("University") responded by providing the requested job descriptions but objecting to production of the student files. (DN 105-2). Shortly thereafter, Averett reissued a nearly identical subpoena to Miles, directing compliance by June 7, 2021.[1] (DN 150-3).

The University now has filed a Motion to Quash Subpoena/Motion for Protective Order related to production of the student conduct files that Bigelow was involved in during his tenure at the University. (DN 105).

## II. Standard

Federal Rule of Civil Procedure 45(d) governs motions to quash subpoenas. The Rule requires that on timely motion, the Court must quash a subpoena that subjects a person to undue burden or that requires disclosure of privileged or other protected matter. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). Applying Rule 45 requires the court to balance several competing factors: (1) relevance; (2) need; (3) confidentiality; and (4) harm. *Brown v. Tax Ease Lien Serv., LLC*, No. 3:15-CV-208-CRS, 2017 WL 6940735, at *3 (W.D. Ky. Aug. 21, 2017) (citing *Anderson v. Old Nat'l Bancorp*, No. 5:02-CV-00324-R, 2010 WL 5463397, at *2 (W.D.Ky. Dec. 29, 2010) (add'l citation omitted)). District courts within the Sixth Circuit have held that the scope of discovery under subpoenas is identical to the scope of discovery under Rule 26. *See In re ClassicStar Mare Lease Litigation*, Nos. 5:07-CV-353-JMH, 5:06-CV-243-JMH, 2017 WL 27455, at *2 (E.D. Ky. Jan. 3, 2017) (quoting *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011)). This means the Court considers whether requests pursuant to subpoenas are overbroad or irrelevant under the same standards outlined in Rule 26.

---

[1] The reissued subpoena attached as Exhibit 3 is undated. (DN 105-3). The University claims it received the subpoena on June 4, 2021, only three days before compliance was required. (DN 105, at p. 2).

Status as a non-party is highly relevant to the undue burden analysis. *Blount v. Stanley Engineering Fastening*, No. 5:19-CV-00109-BJB-LLK, 2021 WL 932033, at *3 (W.D. Ky. Mar. 11, 2021). When information is requested from a non-party, the court must be "particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party." *Id.* (quoting *Med. Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013)).

### III. Analysis

The University provides two reasons for quashing Averett's subpoena requesting production of student conduct files that Bigelow was involved in during his tenure. First, the University contends the information is not relevant and producing such files would constitute an undue burden. Second, the University asserts that the requested information is protected under the Family Educational Rights and Privacy Act (FERPA).

### A. Relevancy and Undue Burden

The University maintains that files from other student disciplinary hearings are not relevant to the issue of whether Officer Hardy, the lone remaining University-affiliated defendant, failed to provide Averett with adequate notice of the charges against him and the opportunity to be heard. Complying with this request, the University asserts, constitutes undue burden because there is no readily ascertainable way to determine which student disciplinary matters Bigelow was involved in during his tenure. The University argues that the burden imposed in being required to review three years' worth of student conduct files outweighs the marginal relevance that any of these files could have to Averett's claims.

Averett explains that this request for files involving Bigelow arose from Hardy's deposition testimony that Bigelow made decisions relating to due process and that Bigelow, as the Chief Title

IX Officer for the University, reviewed every Title IX case that came into the Dean's Office. (DN 110, at p. 2). Averett also references Ms. Hardy's testimony that Bigelow made decisions about what evidence was presented to Averett's hearing panel and that Bigelow reduced Averett's statement that was submitted to the hearing panel. (*Id.* at pp. 2-3). Averett names several other students who were allegedly accused of Title IX/Code of Conduct violations that were not required to appear for student conduct hearings. Bigelow's "knowledge and critically important information about the Title IX and Code of Student Conduct hearings," according to Averett, compels production of these files.

The Court agrees with the University; the requested files are not relevant to this action. Neither the University nor Bigelow are defendants in this case. Averett's only remaining procedural due process claim is against Hardy. The fact that some of Hardy's testimony indicated that Bigelow may have made decisions relating to due process in Averett's case does not require the broad production of all other student conduct files that Bigelow was involved in as the Chief Title IX Officer at the University. Bigelow's action or inaction in disciplinary proceedings for other students, even the three students Averett names, does not affect the key issue of whether Averett was provided with adequate notice and opportunity to be heard in his own case. Moreover, it would be unduly burdensome for the University to search through all Title IX and non-Title IX student conduct files from the three years Bigelow worked as the Chief Title IX Officer to find mentions of Bigelow's name.

## B. Privacy Concerns

The University also argues Averett's subpoena should be quashed because it seeks private information about student disciplinary issues involving a wide range of conduct and outcomes for students that have no connection to this litigation. (DN 105, at pp. 5-6). The University explains

that under FERPA, an educational institution may only disclose information in response to a subpoena if it makes a reasonable effort to notified the parent or student of the subpoena before complying so the parent or student may seek protective action. Having to contact all students subject to disciplinary proceedings over a period of three years, the University emphasizes, imposes another undue burden on its ability to comply. (*Id.* at p. 6). Averett claims the University's privacy argument is a red herring because it can redact all information that would potentially violate these students' privacy rights.

The FERPA protects educational records from improper disclosure. *Doe v. Woodford Cnty. Bd. of Educ.*, 213 F.3d 921, 926 (6th Cir. 2000). This includes personally identifiable information of students and their parents. *United States v. Miami Univ.*, 294 F.3d 797, 806 (6th Cir. 2002). The Sixth Circuit has held that "Congress intend[ed] to include student disciplinary records within the meaning of 'education records' as defined by the FERPA." *Id.* at 812. Although FERPA does not, by its express terms, "prevent discovery of relevant school records under the Federal Rules of Civil Procedure," *Richardson v. Bd. of Educ. Of Huber Heights City Schools*, No. 312cv00342, 2014 WL 8619228, at *2 (S.D. Ohio Mar. 11, 2014) (citation omitted), a party seeking disclosure of student records carries a high burden of proving that "a genuine need for the information outweighs the privacy interests of the students[,]" *Jackson v. Willoughby Eastlake Sch. Dist.*, No. 1:16CV3100, 2018 WL 1468666, at *3 (N.D. Ohio Mar. 23, 2018).

As discussed above, Averett has not met the high burden of relevancy required for discovery of an unknown number of unrelated student disciplinary files. Perhaps in certain circumstances, redaction can cure privacy concerns. Here, however, Averett seeks unlimited production of all student disciplinary files that Bigelow was involved in for his three-year tenure. This request is not tailored to Averett's remaining allegations in the lawsuit. The privacy interests

of these third-party students outweighs any potentially relevant information that could be uncovered from disclosure of these files.

## IV. ORDER

For the foregoing reasons, the Court **GRANTS** the University's Motion to Quash Averett's Subpoena (DN 105) insofar as the University is not required to produce the Title IX and Student Conduct files on which Bigelow was involved during his affiliation with the University.

Regina S. Edwards, Magistrate Judge
United States District Court

October 26, 2021

Copies:   Counsel of Record