UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00116-BJB

KEMARI AVERETT                                                                                          PLAINTIFF

VS.

SHIRLEY ANN HARDY, et al.                                                                         DEFENDANTS

## ORDER

Defendant Destinee Coleman has filed a renewed Motion to Stay (DN 120), and Defendant Shirly Ann Hardy has filed a renewed Motion to Bifurcate (DN 124). The time for Plaintiff Kemari Averett to file renewed responses to these motions has expired. Ripe for submission, these matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (DN 80).

## I. Background

In February of 2019, Plaintiff Kemari Averett ("Averett") initiated this action against Destinee Coleman, Shirly Ann Hardy, and several other defendants affiliated with the University of Louisville that have since been dismissed. (DN 1). As to Coleman, Averett alleged defamation of character for her falsely accusing him of rape and publishing the false allegations on social media. (*Id.*). Two months later, Coleman filed counterclaims against Averett for battery, assault, intentional infliction of emotional distress, abuse of process, and invasion of privacy. (DN 24). As to Hardy, Plaintiff alleged that he did not receive due process at a student disciplinary hearing related to Coleman's allegations of sexual assault in November of 2018. (DN 1).

Defendant Coleman previously filed a Motion to Stay this Action Pursuant to the Servicemembers Civil Relief Act (SCRA) due to her active duty with the United States Army National Guard. (DN 109). Defendant Hardy did not oppose Coleman's Motion to Stay but filed a Motion to Bifurcate Averett's claim against her from his claims against Coleman. (DN 112).

Averett opposed both motions. (DN 111; DN 116). The Court denied Coleman's motion without prejudice because she didn't meet the requirements of the SCRA and gave her fourteen days to refile a compliant motion. (DN 118). The Court likewise denied Hardy's motion without prejudice, giving her leave to refile if Coleman refiled her motion to stay. (DN 118). Coleman and Hardy have now refiled their motions (DN 120; DN 124).

## II. Defendant Coleman's Renewed Motion to Stay

Coleman requests this action be stayed pursuant to the SCRA until she returns home from active duty in the United States Army National Guard in January of 2022. (DN 120) The SCRA applies to any civil action or proceeding, in which the plaintiff or defendant at the time of filing an application under the Act "is in military service or is within 90 days after termination of or release from military service" and "has received notice of the action or proceeding." 50 U.S.C. app. § 522(a). Subsection (b) entitles litigants qualified under subsection (a) to a stay of proceedings when certain conditions are met. The Act instructs courts to stay the action "for a period of not less than 90 days" when the applicant provides:

(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

[and]

(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. app. §522.

Coleman's renewed motion to stay complies with both requirements of the statute.[1] First, Coleman attaches an affidavit from her attorney Beth Robinson-Kinney that outlines how

---

[1] Averett, in a separate motion to modify the scheduling order, appears to agree that Coleman's second motion to stay "cured those deficiencies" from her first motion. (DN 133, at p. 2). But Averett goes on to state that after

2

Coleman's military service has affected her ability to participate in this litigation. (DN 120-1). Although Robinson-Kinney and Coleman had phone calls on October 18, 19, and 20 to work on responding to Averett's discovery requests, these calls were not without challenge. Counsel describes that Coleman's cell phone service is frequently disrupted, that she is engaged in activities on base from 5:00 am to 5:00 pm and is often unavailable until 7:00 pm, and that she reports for bed check by 8:00 pm. (*Id.*). Adding to her inability to meaningfully work on discovery responses during this limited time frame is her lack of access to documents located in Kentucky. (*Id.*). Counsel also submits a letter from Commanding Captain Damon Pierce of the U.S. Army, requesting a stay of Coleman's proceedings until January of 2022 because her current military duty prevents her appearance in Kentucky and she is not authorized to take leave while participating in Advanced Individual Training. (DN 120-2).

Finding Coleman now meets subsections (A) and (B) of the SCRA, the Court grants Coleman's motion to stay the civil action until January 31, 2022, when she is expected to have returned to the Louisville area from her active military duty.[2]

### III. Defendant Hardy's Motion to Bifurcate

Defendant Hardy requests that if the Court grants Coleman's motion to stay that it bifurcate Averett's due process claim against Hardy from the tort claims and counterclaims between Averett and Coleman. (DN 124). Bifurcating Averett's due process claim against her, Hardy argues, would

---

Coleman's second motion was filed, "the Court promptly granted [her] Motion to hold the Proceedings in abeyance . . . without allowing Plaintiff an opportunity to respond to the Motion." Averett is mistaken. Averett did not file a response to either Coleman's renewed motion to stay or Hardy's renewed motion to bifurcate within the twenty-one-day response deadline contemplated by Local Rule 7.1(c). And the Court did not "promptly grant" Coleman's motion. The Court's present Order disposes of Coleman's motion to stay.

[2] As noted above, the SCRA requires that a matter be stayed for not less than ninety days when the requirements of subsections (A) and (B) are met. Here a stay until January 31, 2022 is appropriate, despite not meeting the ninety-day requirement, for several reasons. First, Commanding Captain Damon Pierce and Coleman specifically request a stay until January 2022. Second, the stay will apply from August 5, 2021, the date Coleman filed her initial motion to stay on August 5, 2021, making the period of stay longer than ninety days.

prevent confusion of the issues by the jury because the issues are factually and legally distinct. Hardy explains that Averett's due process claim against her relates solely to whether Hardy provided Averett with proper notice of his alleged violation of the Student Conduct Code and an opportunity to be heard in connection with that charge. Whereas, Averett and Coleman's tort claims against one another delve into Averett and Coleman's romantic relationship, Coleman's statements about the encounter to others, law enforcement's investigation of Coleman's criminal complaint against Averett, the Grand Jury's decision not to indict Averett, and Coleman's medical treatment following the encounter. (*Id.*). The minimal factual overlap between these claims, according to Hardy, favors bifurcation. (*Id.* at p. 5). Hardy concludes that disposing of Averett's single claim against her would be convenient and economical. (*Id.* at p. 6).

Averett did not respond to Hardy's renewed motion to bifurcate. His response to her initial motion to bifurcate, however, argued that Hardy provided no specific examples of how the jury would be confused about the facts of the case. (DN 115, at p. 2). The only confusion in this case, Averett asserted, was how Hardy, "a low-tiered administrative assistant at a behemoth institution[,]" had the power to control the Title IX decision-making process. Averett stated that because his recitation of the facts is unrefuted, bifurcating the case would result in extreme hardship and the inability to have a fair trial. (*Id.* at p. 3).

Federal Rule of Civil Procedure 42(b) provides that the Court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). The district court's decision to bifurcate is discretionary and depends on the facts and circumstances of the case. *See Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman,* 106 F.3d 1308, 1311 (6th Cir. 1997)); CHARLES ALAN WRIGHT & ARTHUR R.

MILLER, FEDERAL PRACTICE & PROCEDURE, § 2388 (3d ed. 2008). The Sixth Circuit and district courts within have found bifurcation appropriate when resolution of a single issue could be dispositive of the entire case. *See SCF, LLC v. Hartford Fire Ins. Co.*, 2021 WL 3549130, at *3 (W.D. Tenn. May 5, 2021) (collecting cases). This occurs most often in the context of disputes over insurance coverage. *See, e.g., Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005); *Warren v. Fed. Ins. Co.* 358 F. App'x 670, 676 (6th Cir. 2009); *Brantley v. Safeco Ins. Co. of Am.*, 2011 WL 6012554, at *2 (W.D. Ky. Dec. 1, 2011) ("These cases lend themselves to bifurcation under Rule 42(b) because if the plaintiff cannot prevail on the coverage issue, the claim for bad faith necessarily fails.").

Averett's case is not the type that the Sixth Circuit has found generally lends itself to bifurcation. Resolution of Averett's due process claim against Hardy will not dispose of his tort claims against Coleman because these are distinct claims against unrelated parties. That Averett's respective claims against Hardy and Coleman have minimal factual overlap cuts for and against bifurcation. On one hand, the unrelatedness of these claims against different defendants seems to indicate that discovery would not be duplicative and that Averett's due process claim against Hardy could proceed while his claims against Coleman are stayed. On the other hand, the unrelatedness of these claims minimizes the risk of confusion to jurors on these issues at trial.

The potential for prejudice weighs against bifurcation. Bifurcation would increase costs in the case, in terms of time to the parties and the Court, and in expenses to the parties, most critically Averett being forced to bear expenses for two trials. And considering the case's procedural posture, Hardy's ability to secure prompt and just resolution of the claim against her will not be

significantly affected by the Court's staying of the case through the end of January. The case will only be stayed for a few weeks, and Hardy currently has a motion for summary judgment pending.[3] While Hardy's arguments present some merit, on balance the Court finds the potential risks of harm outweigh any convenience and economy that bifurcation would provide. Under the wide discretion permitted under Rule 42, the Court finds bifurcation unwarranted and denies Hardy's request.

## ORDER

**IT IS THEREFORE ORDERED** that Defendant Coleman's Renewed Motion to Stay (DN 120) is **GRANTED.** The Scheduling Order deadlines in this case are **STAYED until January 31, 2022.**

**IT IS FURTHER ORDERED** that Defendant Hardy's Motion to Bifurcate (DN 124) is **DENIED.**

**IT IS FURTHER ORDERED** that a telephonic status conference is scheduled for **February 1, 2022 at 10:00 AM** to discuss next steps in the case. The parties shall participate using the following dial-in information: 1-888-808-6929, Access Code: 2887606.

Regina S. Edwards, Magistrate Judge
United States District Court

December 16, 2021

---

[3] The Court also notes that Averett currently has a Motion to Amend Complaint pending that seeks to add University-affiliated Defendants and renew several previously dismissed claims. (DN 117).