UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00116-BJB

**KEMARI AVERETT**                                                                            **PLAINTIFF**

**VS.**

**SHIRLEY ANN HARDY, et al.**                                          **DEFENDANTS**

## ORDER

Before the Court is Plaintiff Kemari Averett's Second Motion to Modify the Scheduling Order. (DN 148). Defendant Shirley Ann Hardy responded in opposition. (DN 149). The time for Defendant Destinee Coleman to respond and for Averett to reply have expired. This matter has been referred to the undersigned pursuant to 28 U.S.C. 636(a)(1)(A). (DN 80).

### I. Background

In February of 2019, Plaintiff Kemari Averett ("Averett") initiated this lawsuit against Defendants Destinee Coleman, the University of Louisville, Student Conduct Officer Shirley Hardy, Dean Angela Taylor, Dean Michael Mardis, and the University of Louisville Board of Trustees. Against Defendant Destinee Coleman ("Defendant Coleman"), Averett alleged defamation of character for her false accusation of rape against him and publishing of such false accusations on social media. (DN 1, at ¶¶ 53-57). Against the University-affiliated Defendants, Averett alleged procedural due process violations and disparate treatment based on sex by failing to properly administer the student conduct hearing and appeals process related to Defendant Coleman's rape allegations. (*Id.*). Averett also alleged defamation of character against Student Conduct Officer Shirley Hardy ("Defendant Hardy").

Averett has attempted to amend his complaint on five occasions. After the Court granted Averett leave to file his Second Amended Complaint (DN 21), the University-affiliated Defendants

moved to dismiss all claims against them (DN 26). While the Motion to Dismiss was pending, Averett filed motions for leave to file third and fourth amended complaints. (DN 32; DN 41). The Court ultimately denied both of Averett's attempts to amend and dismissed the majority of claims against the University-affiliated Defendants (DN 55). The lone surviving claim was Averett's procedural due process claim against Defendant Hardy, relating to the Student Conduct Hearing that occurred on November 12, 2018. (*Id.*).

On September 24, 2021, the discovery period closed. A month later, Averett sought leave to file a Fifth Amended Complaint that attempts to reassert previously dismissed claims against previously dismissed Defendants. (DN 117). Averett's proposed Fifth Amended Complaint further seeks to add Brian Bigelow, the University's former Title IX Officer, as a defendant. Averett asserts that Bigelow's "extremely significant role" in the University's Title IV process was not determined until discovery was underway. (*Id.* at PageID # 1025). Averett's Motion remains pending at this time before the District Court.

Averett filed a Motion to Modify the Scheduling Order and Deadlines" on November 23, 2021. (DN 133). On December 20, 2021, the Court entered an Order staying the case until January 31, 2022, pursuant to the Servicemembers Civil Relief Act until January 31, 2022. (DN 144). This stay stemmed from Defendant Coleman's active duty in the United States Army National Guard. The Court then denied Averett's Motion to Modify the Scheduling Order because of the stay and because Averett failed to identify which deadlines he believed should be extended or the length of extension necessary. (DN 145). The Court indicated that once the stay expired, the parties could discuss "whether any expired scheduling order deadlines should be extended due to the stay in this action . . . ." (*Id.*).

Following a telephonic conference on February 1, 2022, the Court ordered the parties to try to reach an agreement on whether any additional discovery is necessary despite the discovery deadline having passed. (DN 147). If the parties were unable to resolve the issue, the Court directed Averett to refile a motion to modify the scheduling order by February 4, 2022. (*Id.*). The Order specified that Averett's motion must identify "the specific discovery he believes is outstanding; why such discovery is necessary; and why such discovery could not be completed before the discovery deadline." (*Id.*).

Averett timely refiled his Motion to Modify the Scheduling Order, requesting the discovery deadline be extended to allow him to depose Defendant Coleman, Defendant Hardy (for a second time), dismissed Defendants Angela Taylor and Michael Mardis, and non-party Brian Bigelow. (DN 148). Defendant Hardy responds that Averett's Motion should be denied because he seeks discovery on claims not presently before the Court and because he fails to establish good cause for taking the deposition of anyone beyond Defendant Coleman. (DN 149).

## II. Standard

A scheduling order may be modified, Federal Rule of Civil Procedure 16(b)(4) provides, "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" inquiry focuses on whether the moving party acted diligently "in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (A court "may modify a scheduling order for good cause only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension."). Another relevant consideration is whether the opposing party could be prejudiced by the proposed modification. *Id.* The Sixth Circuit has commented that possible prejudice to the nonmoving party is considered only where the court determines the movant

proceeded diligently "and then only to ascertain whether there exist "additional reasons to deny a motion." *Smith v. Holston Med. Group, P.C.,* 595 F. App'x 474, 479 (6th Cir. 2014) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (cited approvingly in *Inge*, 281 F.3d at 625)).

III. Analysis

A. Defendant Coleman's Deposition

Defendant Hardy does not object to Averett taking Defendant Coleman's deposition outside of the discovery period. Defendant Coleman likewise did not oppose Averett's request. In fact, while the current motion was being briefed, the parties filed notices in the record indicating that Defendant Coleman's deposition had been scheduled for March 3, 2022. (DN 150; DN 151). Because this deposition appears to have taken place, further extension of the discovery period for this purpose is not necessary.[1]

---

[1] Although compromise has been reached on this issue – the Court finds it necessary to address several of Averett's statements. Averett submits that his delay in securing Defendant Coleman's deposition resulted from her refusal to respond to discovery. He refers to Defendant Coleman's conduct as "dilatory and evasive." (DN 148, at PageID # 1759-61). Averett points out that he was forced to file a motion to compel due to her tactics and that the Court "took quite some time to respond to the motion." (*Id.*). In this same section, Averett highlights "critical" examples of Defendant Coleman's alleged refusal to provide "extremely significant and relevant" discovery. (*Id.*).

First, the undersigned's rendering of an opinion on Averett's Motion to Compel and Defendant Coleman's Motion for Protective Order within three months of such motions becoming ripe hardly constitutes "quite some time." Averett fails to appreciate that this case constitutes only one of hundreds on the undersigned's docket. Unfortunately, this is not Averett's first time making misleading statements regarding the Court's actions. (*See, e.g.,* DN 133, DN 144, DN 145, (Averett accusing the Court of ruling on Defendant Coleman's Motion to Stay without allowing him to respond when, in truth, the Court granted Plaintiff's motion to stay after the twenty-one day response period expired)).

Moreover, the undersigned's opinion granting in part and denying in part Averett's Motion to Compel controverts Averett's representations as to Defendant Coleman's dilatory tactics. Notably, the undersigned concluded that attorney's fees were not just or appropriate because "[w]hile Averett's Motion is successful as to certain discovery requests, Averett could have avoided certain arguments altogether by reviewing Coleman's supplemental discovery responses. And . . . most of Coleman's objections and explanations were substantially justified." (DN 108, at PageID # 975).

4

B. Former Defendant Angela Taylor's Deposition

Averett claims he was unable to secure Angela Taylor's deposition during the discovery period in part due to conflicts with her schedule. (DN 148, at PageID # 1760). As best Averett can remember, Taylor's deposition was rescheduled at least once for personal reasons and once for professional reasons. (*Id.*). Further delaying Taylor's deposition, Averett notes, were his counsel's obligations in other cases and his counsel's familial obligations requiring travel from early Spring to July of 2021. (*Id.* at PageID # 1760-61). Averett also references Defendant Coleman's "dilatory and evasive tactics" in responding to discovery, Averett being required to file a motion to compel, and the Court taking "quite some time" to respond to his Motion, as explanation for his delay. Averett claims it is "beyond cavil" that the delays stemming from Defendant Coleman's military service and the corresponding SCRA stay prevented him from investigating the role Taylor and other University-affiliated defendants played in his student conduct hearings and from obtaining their depositions. (*ID.* at PageID # 1761-62).

Defendant Hardy responds that nothing about Defendant Coleman's military service or the stay in litigation impacted or prevented Averett from taking Taylor's deposition. (DN 149, at PageID # 1773). Defendant Hardy notes that counsel provided Averett with dates for Taylor's deposition on multiple occasions and that Averett even scheduled Taylor's deposition at one point, but ultimately cancelled it. (*Id.*). All of these discussions, Defendants point out, occurred long before Coleman's military service began and before the SCRA stay was contemplated. (*Id.*).

None of Averett's explanations suffices as good cause for extending discovery to permit Taylor's deposition. First, the email communications submitted by Defendants contradict Averett's vague references to Taylor's scheduling conflicts. It appears the scheduling conflicts related mostly to Averett's counsel's availability. Defendants first provided three potential dates

5

for Taylor's deposition via email on January 14, 2021. (DN 149-1). Two months later, Averett requested additional potential dates for Taylor's deposition (DN 149-3), and Defendants responded with three available dates (DN 149-4). Averett again delayed in acting on those dates, indicating on April 2, 2021 that none of the previous options worked. (DN 149-7). Defendants then offered two dates Taylor was available at the end of April. (*Id.*). Eventually, Averett's counsel noticed Taylor's deposition to occur on April 23, 2021, but three days before the deposition, issued a notice of cancellation. (DN 149-8). Averett provided no explanation for the cancellation and never attempted to reschedule before the September 2021 discovery deadline.

Averett seems to explain his silence on scheduling Taylor's deposition from April to July 2021 by referencing counsel's hectic caseload and familial obligations. While the Court understands and sympathizes with illness in counsel's family, counsel should have apprised Defendants of these challenges and his inability to comply. Instead, Averett remained silent for several months as to scheduling Taylor's deposition. He waited until two months after the discovery period closed to seek extension of the discovery deadline. (DN 133). Even giving Averett the benefit of the doubt that Defendant Coleman's August 5, 2021 Motion to Stay led him to believe that his pursuit of depositions was paused, the Court cannot find that Averett diligently attempted to meet the scheduling order deadlines from January to August of 2021. For these reasons, Averett's request to extend the discovery deadline to depose Taylor is denied.

### C. Former Defendant Michael Mardis' Deposition

In the "Conclusion" of Averett's Motion, he mentions for the first time his wish to depose former Defendant Michael Mardis. (DN 148, at PageID # 1762-63). Defendants believe that Averett has waived this issue by failure to develop. (DN 149, at PageID # 1777). Even if not considered waived, Defendants maintain Averett's request should be denied because Averett has

6

previously deposed Mardis and questioned him in depth about the February 2019 Student Conduct Hearing. (*Id.*). The Court agrees with Defendants that by merely mentioning his wish to depose Mardis, Averett offered no developed argument as to good cause. Averett's request to depose Dean Mardis is deemed waived.

### D. Defendant Hardy's Second Deposition

Averett claims that Defendants, in responding to his Motion for Leave to File Fifth Amended Complaint, made characterizations that are "misleading and distorting" and require Defendant Hardy be deposed a second time. (DN 148, at PageID # 1762). Specifically, Averett highlights Defendants' assertion that he was apprised and fully aware that the University had begun the February 2019 domestic violence case against him. (*Id.*). He asks the Court to "keep in mind" several facts: (1) that Averett was not able to retain counsel until the evening before the 2018 Student Conduct hearing; (2) that Averett received the evidence packet fifteen minutes before the hearing began; and (3) that Hardy refused to explain the administrative process and procedure to Averett when the hearing began.[2] (*Id.*).

Defendant Hardy responds that Averett has not offered any justification for reopening her deposition. (DN 149, at PageID # 1776). Defendant Hardy explains that the information Averett seeks from a second deposition involves his February 2019 Student Conduct Hearing. This Hearing, Defendant Hardy expounds, is not mentioned in Averett's Second Amended Complaint, meaning that "there are presently *no* claims about that hearing before the Court[.]" (*Id.)*. Despite the February 2019 Hearing not being relevant to the current claims, Defendant Hardy emphasizes that Averett already questioned her about the Hearing during her December 2020 deposition. (*Id.*).

---

[2] Averett refers to Hardy's refusal to explain the administrative process and procedures as "worse than Kakanesque." Though incorrectly spelled, it seems Averett is referencing "Kafkaesque," which the Merriam-Webster Dictionary defines as "of, relating to, or suggestive of Franz Kafka or his writings, *especially*: having a nightmarishly complex, bizarre, or illogical quality." https://www.merriam-webster.com/dictionary/Kafkaesque.

7

When an individual has already been deposed in a case, a party "must obtain leave of court" in order to reopen the deposition." Fed. R. Civ. P. 30(a)(2)(A)(ii). In granting leave to reopen a deposition, the Court must do so consistently with Rule 26(b)(1), the scope of discovery, and Rule 26(b)(2), limitations on the frequency and extent of discovery. *Boerste v. Elllis, LLC*, No. 3:17-CV-298-GNS, 2019 WL 3225709, at *2-3 (W.D. Ky. July 17, 2019) (citing Fed. R. Civ. P. 26). Reopening depositions is disfavored not only because of cost and burden but also because it "provides the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last." *Blount v. Stanley Eng'g Fastening*, No. 5:19-CV-00109-BJB-LLK, 2021 WL 932033, at *4 (W.D. Ky. Mar. 11, 2021) (quoting *Franklin v. Highland Park Police Officer Hollis Smith*, No. CV 15-12995, 2016 WL 6652744, at *2-3 (E.D. Mich. July 7, 2016), *objections overruled sub nom*, *Franklin v. City of Highland Park Police Officer Hollis Smith*, No. 15-CV-12995, 2016 WL 4267827 (E.D. Mich. Aug. 15 2016)).

The first issue with Averett's request is his failure to identify what specific information he seeks to obtain from a second deposition of Defendant Hardy. Although he calls the Court's attention to several alleged misrepresentations made by Defendants in briefing, he does not explain how further questioning of Defendant Hardy would contradict such representations. Nor does he explain how any additional testimony from Defendant Hardy is relevant to the claims currently pending before the Court. Averett also fails to explain why he was unable to secure the unspecified testimony during Defendant Hardy's original deposition in December 2020.

Averett makes no statement regarding efforts to diligently pursue a second deposition of Defendant Hardy. Even assuming Averett's other arguments regarding diligence were meant to extend here, the Court again finds the facts do not establish that Averett diligently worked to comply with the scheduling order with respect to deposing Defendant Hardy for a second time.

Defendant Hardy's request to extend discovery to depose Defendant Hardy for a second time is denied.

### E. Brian Bigelow's Deposition

Like with Michael Mardis' deposition, Averett mentions for the first time, in his "Conclusion" section, his wish to depose Brian Bigelow. (DN 148, at PageID # 1762-63). Defendants assert they provided Averett with Bigelow's contact information more than a year ago, but Averett made no effort to schedule Bigelow's deposition during the eight months left in discovery. (DN 149, at PageID # 1177-78). The Court again agrees with Defendants that Averett has waived his request to extend discovery to depose Bigelow based on a failure to develop and a failure to demonstrate good cause.

### IV. Conclusion

Averett fails to demonstrate diligence in attempting to comply with the scheduling order sufficient to establish good cause for extending discovery for additional depositions. **IT IS THEREFORE ORDERED** that Averett's Second Motion to Modify Scheduling Order (DN 148) is **DENIED.**

The Court, however, remains cognizant that Averett currently has a Motion for Leave to File Fifth Amended Complaint pending before the District Judge. That Motion requests that several previously dismissed claims and defendants be reinstated and seeks to add Brian Bigelow as a defendant. In denying Averett's Motion to Modify here, the Court makes no statement as to whether any additional discovery might be necessary were the District Judge to permit additional claims and defendants.

May 2, 2022

Copies:    Counsel of Record

Regina S. Edwards, Magistrate Judge
United States District Court