**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

K<small>EMARI</small> A<small>VERETT</small>                                          P<small>LAINTIFF</small>

v.                                                     No. 3:19-cv-116-BJB

S<small>HIRLEY</small> A<small>NN</small> H<small>ARDY</small>, <small>ET AL</small>.                           D<small>EFENDANTS</small>

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

The University of Louisville expelled Kemari Averett after a disciplinary hearing concerning a rape allegation against him. Second Amended Compl. (DN 5) ¶¶ 17–23. Averett then sued the accuser, the University, its board, and several of its employees involved in the disciplinary process. He accused them of denying his right to due process, violating Title IX, defamation, and intentional infliction of emotional distress. ¶¶ 38–78.

Averett has asked the Court—for a fifth time—to allow him to amend his complaint. DN 117. Following his initial complaint, Averett amended once as a matter of course, DN 4, and a second time with the defendants' written consent, DNs 5 & 21. *See* F<small>ED</small>. R. C<small>IV</small>. P. 15(a). He then moved to amend a third and a fourth time. DNs 32 & 41. The Court denied both motions. DN 55. Meanwhile, Shirley Hardy—a student conduct officer at UofL—moved for summary judgment on the procedural due-process claim against her, DN 128, and Averett asked the Court to defer ruling to allow more time for discovery, DN 132.

Because this attempt to amend, like Averett's last two, fails under the rules that govern federal civil litigation, the Court denies Averett's motion to amend and motion to defer Hardy's summary-judgment motion. The Court orders Averett to file his response to that motion within 21 days.

### I.     Averett's Motion to Amend

The proposed fifth amended complaint, DN 117-2, is strikingly similar to the operative (second amended) complaint, DN 5. That is surprising: the Court previously granted a motion to dismiss filed by the University of Louisville defendants on several claims now repeated in the proposed amended complaint. *See generally* MTD (DN 26). That Order dismissed all counts against the University of Louisville defendants, with the exception of the due-process claim against Hardy in her individual capacity. DN 55 at 22. Averett's latest proposed complaint re-asserts those dismissed claims against Hardy and the previously dismissed defendants.

1

Proposed Fifth Amened Compl. (DN 117-2) ¶¶ 41–91 (reasserting counts I through IV). It also joins a new defendant, Brian Bigelow, who was the Title IX coordinator at the University of Louisville. ¶ 14. Finally, the latest proposed amended complaint adds a second procedural due-process claim—this one against Bigelow, Hardy, and other University administrators who were previously dismissed, based on a "second student conduct hearing on February 18, 2019." ¶¶ 85–92.

A party may amend its pleading "as a matter of course within 21 days after serving it, or … 21 days after service of a responsive pleading." FED. R. CIV. P. 15(a)(1). Outside that window, the party may amend "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Courts "should freely give leave when justice so requires," *id.*, but "should … den[y] if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile," *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). Futility means "the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).

After the deadline for amendment passes, Federal Rule of Civil Procedure 16 also comes into play. Then a district court may "allow Plaintiffs to file [an] amended complaint only if the scheduling order [is] modified." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). Rule 16 allows modification "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). A party may show good cause through demonstrating that "despite the moving party's diligent efforts, the party could not comply with the original deadline." *Newburgh/Six Mile Ltd. Partnership II v. Adlabs Films USA, Inc.*, 483 F. App'x 85, 92 (6th Cir. 2012). Additionally, the court must consider "potential prejudice to the nonmovant" in deciding whether to allow modification. *Leary*, 349 F.3d at 909. Prejudice is relevant notwithstanding Rule 15's "clear language … that leave to amend 'shall be freely given.'" *Id.* (quoting FED. R. CIV. P. 15(a)). "Rule 16, in other words, prescribes the time by which any motion for leave to amend must be filed; Rule 15 provides guidance to the courts on deciding the merits of timely motions." *Lower v. Albert*, 187 F.3d 636, 1999 WL 551414, at *3 (6th Cir. 1999).

Because Hardy opposes amendment (DN 119), Averett needs this Court's permission. And because the deadline to amend passed on October 30, 2020, almost a year before Averett filed this motion on October 6, 2021, he must show good cause. Scheduling Order (DN 69). Because Averett hasn't shown good cause and his proposed amendments are futile, the Court denies the motion with respect to each set of claims at issue.

**A. Previously Dismissed Claims.** Averett contends he has good cause because the scheduling order was unclear and new evidence indicates that previously dismissed defendants were more involved in Averett's hearing than previously thought. Motion to Amend (DN 117) at 1–3; *see also* Reply (DN 131) at 2–5. But

2

Averett doesn't explain why he couldn't have discovered this evidence sooner or what efforts he previously made. He also doesn't specify the evidence he hopes to discover or how that evidence could affect these claims. This is insufficient to meet Rule 16's good-cause requirement, to say nothing of the prejudice of re-adding previously dismissed defendants at this advanced stage of the litigation.

In any case, amendment would be futile. Averett asserts that new facts about the involvement of other defendants and the University's Title IX compliance cast doubt on the Court's previous ruling. Motion at 2. Yet Averett hasn't asked the Court to reconsider that ruling. And aside from inserting Brian Bigelow into the narrative, the proposed complaint adds no factual pleadings to support the dismissed claims.† *See* Fifth Amended Compl. (DN 117-2) ¶¶ 23, 29–30. For instance, Averett now contends that "[Hardy]'s conduct, *with the apparent approval of Brian Bigelow, Assistant Dean Dr. Angela Taylor, and Dean Dr. Michael Mardis*, deprived [Averett] of due process and equal protection under the Fourteenth Amendment." Fifth Amended Compl. ¶ 30 (emphasis added). The operative complaint, meanwhile, alleges that only "[Hardy's] conduct" violated the Fourteenth Amendment. Second Amended Compl. ¶ 28. Other new facts pertain only to the February misconduct hearing, which is not the basis for any of the claims the Court dismissed in its previous order. This conclusory allegation, with no factual support, doesn't disturb Judge Hale's conclusion that "Averett has not alleged facts supporting an inference that Taylor or Mardis's actions violated due process." DN 55 at 15. Since Averett failed to "cure the deficiencies" in those pleadings, amendment is unwarranted. *See, e.g., Gallant v. Cadogan*, No. 18-4005, 2019 WL 5291298, at *3 (6th Cir. Sept. 11, 2019) (affirming denial of motion to amend on futility grounds).

**B. Claims Against Bigelow.** Averett also seeks leave to join Brian Bigelow, University of Louisville's Title IX coordinator, as a defendant in this case. Proposed Compl. ¶ 14. He asserts Bigelow (1) violated Averett's procedural due-process rights at the November hearing, (2) defamed him under Kentucky law, and (3) violated his procedural due-process rights at the later February hearing. *Id.* at pp. 13, 18, 22. According to Averett, Bigelow "made all decisions regarding the content of the hearing packet that was presented to the hearing panel," which Averett only discovered during Hardy's deposition. Reply at 3. Hardy asserts these claims against Bigelow are also untimely and therefore futile.

---

† Although the proposed fifth amended complaint repeats multiple counts against University of Louisville defendants whom the Court dismissed, *see* pp. 13, 15, 18, 19, Averett contends that the complaint "reassert[s] claims" against "only" Mardis and Taylor. Reply at 5. Averett doesn't explain, however, why the proposed complaint repeats other counts against dismissed defendants. Or why, on the same page, he states that he "does seek to reassert his claims against Det. Brown at this point." *Id.* In any event, for the purpose of deciding this motion, the Court assumed that Averett meant to assert every claim stated in the proposed complaint.

A statute of limitations is ordinarily an affirmative defense that may be raised (or waived) only by the party to whom it applies. *See Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974). Yet Hardy may assert the statute of limitations on Bigelow's behalf because courts may consider any applicable statute of limitations in determining futility. *See MAKS, Inc. v. EODT Gen. Sec. Co.*, No. 3:10-cv-443, 2012 WL 902927, at *2 (E.D. Tenn. Mar. 12, 2012); *Evans v. Hanger Prosthetics & Orthotics, Inc.*, 735 F. Supp. 2d 785, 790–91 (N.D. Ohio 2010). Averett brings his Fourteenth Amendment claims under 42 U.S.C. § 1983. For both § 1983 and defamation claims, Kentucky law provides a one-year statute of limitations. KRS § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (noting § 413.140(1) provides statute of limitations for § 1983 actions); *Wigginton v. Scanlon*, No. 2005-ca-2161, 2007 WL 707566, at *3 (Ky. Ct. App. 2007) (applying KRS § 413.140 to defamation claim). The clock begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). This occurs when the plaintiff "should have discovered [the injury] through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Averett moved to amend on October 6, 2021. *See* DN 117. For due-process claims, "[t]he key date for the accrual of the limitations period is the injury not the completion of any grievance process." *Xu v. Mich. State Univ.*, 195 F. App'x 452, 456 (6th Cir. 2006). Averett's first due-process claim concerns the student conduct hearing held on November 12, 2018. *See* Proposed Compl. ¶¶ 19, 41–55. That date triggers the statutory period because it is the date of the injury. Likewise, for his second due-process claim, the one-year limitations period began to run on February 18, 2019, the date of the hearing. Both are time-barred.

For Averett's defamation claim, the Court looks to when "the cause of action accrued." KRS § 413.140(1). Under Kentucky law, defamation claims accrue "at the time of publication." *Lashlee v. Sumner*, 570 F.2d 107, 109 (6th Cir. 1978). The fifth amended complaint alleges the defendants "intentionally and/or negligently published or caused to be published" the rape allegations against Averett. ¶ 72. Averett doesn't pinpoint a date but offers a range: this occurred "[o]n or about" August 14, 2018, the date he was accused of rape. ¶¶ 71–72. Even assuming a publication date as late as December 2018 or early 2019, the statute of limitations bars the claim. KRS § 413.140(1)(d).

In Averett's view, the cause of action didn't accrue until December 2020 when he learned of Bigelow's involvement and the second hearing, which was held despite his absence. Reply at 6 (asserting Averett discovered Bigelow's role on December 11, 2020 and became aware of the hearing following email communications between counsel for both sides); December 3, 2020 Emails (DN 117-3) at 1. But "reasonable diligence" could have uncovered Bigelow's role and the second hearing much earlier.

4

As for Bigelow, the University's student sexual misconduct policy includes his name, title, and contact information. DN 117-4 at 5. And as Hardy pointed out, many news outlets covered Bigelow's role at the University. Response at 13; *cf. Whatever It Takes Transmission & Parts, Inc. v. Capital Core, Inc.*, No. 2:10-cv-72, 2014 WL 12653727, at *7 (S.D. Ohio Jan. 6, 2014) ("easy public access" to evidence suggests "reasonable diligence" would have uncovered evidence). Averett contends that he "continues to search for" Bigelow after the University allegedly concealed Bigelow's identity. Reply at 6. But Averett doesn't identify what steps, if any, he took *before* the deposition or why he couldn't have discovered Bigelow's role earlier despite the publicly available information identifying Bigelow's position in the University's Title IX office.

As for the second hearing, Averett offers no explanation for his professed ignorance. In her Rule 26 disclosures, Hardy disclosed materials from the "February 18, 2019 Student Conduct Hearing" no fewer than three times. DN 119-4 at 3. And Averett received Hardy's disclosures on June 15, 2020. *Id.* at 5. Averett doesn't contest the date of service or that service was proper. He simply denies he became aware until the December 2020 emails. But the question is not when Averett became subjectively aware; it's when he "should have discovered" it had he been diligent. *Sevier*, 742 F.2d at 273. Since Hardy filed her initial disclosures on June 15, 2020, the statute of limitations also bars Averett's second Fourteenth Amendment claim against Bigelow.

Should his proposed amended complaint "relate back" to the date of his previous filing for timeliness purposes? No, because none of Rule 15's three prongs applies here. That rule provides that an amendment "relates back to the date of the original pleading" under three circumstances: (A) if "the applicable statute of limitations allows relation back;" (B) if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out … in the original pleading;" or (C) if the amendment "changes the party or naming of the party" and "the party to be brought in" received notice or "knew or should have known" about the action. FED. R. CIV. P. 15(c)(1). "[A]n amendment which adds a new party," however, "creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quotation omitted). This is because Rule 15(c)(1)(C) allows "parties to correct misnomers or misdescriptions," but doesn't permit "the addition of a party after the limitations period has run." *Kelter v. WASP, Inc.*, 5 F. Supp. 3d 856, 864 (W.D. Ky. 2014); *see Smith v. City of Akron*, 476 F. App'x 67, 68–69 (6th Cir. 2012). Because the fifth amended complaint names Brian Bigelow for the first time as a new party, it doesn't relate back to the original pleading. *Jones v. Louisville/Jefferson County Metro Gov't*, 482 F. Supp. 3d 584, 592 (W.D. Ky. 2020) ("The claims against the newly-named [defendants] do not relate back to the original complaint."). So Averett's claims against Bigelow are time-barred and don't relate back to the original pleading date, rendering them futile.

**C. New Claim Against Other Defendants.** Averett also contends that Dean Mardis, Associate Dean Taylor, and Hardy violated his procedural due-process rights during the February hearing. But for the same reason that the statute of limitations bars the claim against Bigelow, so too does it bar this claim against the other previously dismissed defendants.

Averett fares no better on relation back for this claim. The original pleading sets out only facts related to the November 2018 disciplinary hearing. *See generally* Second Amended Compl. at pp. 4–12. It makes no mention of a subsequent hearing or additional proceedings against Averett. So the amendment does not assert "a claim … that arose out of the conduct, transaction or occurrence set out… in the original pleading" and doesn't relate back to that earlier date. FED. R. CIV. P 15(c)(1)(B); *see Laney Brentwood Homes, LLC v. Town of Collierville*, 144 F. App'x 506, 510–11 (6th Cir. 2005) ("claims based on events occurring in October 1999 and October 2000" didn't relate back to original complaint which "set forth only one improper transaction" in February 2000). Because no amended claim would survive a motion to dismiss, the Court denies the fifth motion to amend.

## II. Motion to Defer Ruling on Summary-Judgment Motion

When one party moves for summary judgment, the opposing party may "sho[w] by affidavit or declaration that … it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). In response, the court may "defer considering the motion or deny it," allow more time for discovery, or "issue any other appropriate order." *Id.* When the movant seeks additional time for discovery, "an affidavit that complies with Rule 56(d) is essential." *Moore v. Shelby County*, 718 F. App'x 315, 319 (6th Cir. 2017). In the absence of an affidavit, district courts will nonetheless consider a Rule 56(d) motion if the movant filed a motion for additional discovery or "has clearly explained its need for more discovery on a particular topic." *Unan v. Lyon*, 853 F.3d 279, 293 (6th Cir. 2017) (quoting *United States v. Rohner*, 634 F. App'x 495, 504 (6th Cir. 2015)).

No affidavit accompanies Averett's motion to defer consideration of summary judgment. Averett instead insists that "discovery is not completed" because he hasn't been able to depose some defendants such as Assistant Dean Taylor and other third parties, and because his pending motion to amend may change the scope of the case. Motion to Defer (DN 132) at 1–2. As to Taylor, this is purportedly because of "conflicts in her schedule," and because a temporarily inaccessible defendant "refus[ed] to answer discovery requests." *Id.* at 1. Averett also filed a motion to modify the scheduling order on similar grounds, which Judge Edwards denied. *See generally* DNs 133, 145.

How is this potential testimony relevant to Hardy's summary-judgment motion? Hardy moved for summary judgment on Averett's procedural due-process claim against her. DN 128 at 1. And Averett hasn't explained what testimony he

6

seeks to elicit, why it would be relevant to his opposition, or why he couldn't obtain that evidence from other sources. In short, he hasn't presented anything to explain why he "cannot present facts essential to justify [his] opposition" under Rule 56(d).

## ORDER

The Court denies Averett's motion to amend (DN 117) and denies his motion to defer (DN 132). The Court further orders Averett to file a response to the motion for summary judgment (DN 128) within 21 days of the entry of this Order. Hardy may file a reply, if any, within 14 days of Averett's filing.

Benjamin Beaton, District Judge
United States District Court

June 9, 2022