IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
KENTUCKY LOUISVILLE DIVISION

| | | |
|---|---|---|
| **KEMARI AVERETT**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:19-CV-116-DJH-RSE |
| | ) | |
| v . | ) | |
| | ) | |
| | ) | |
| **UNIVERSITY OF LOUISVILLE,** | ) | |
| **.ET AL** | ) | |
| Defendants | ) | |

### MOTION TO ENTER FINAL  AND APPEALABLE JUDGMENT

_____

Comes Plaintiff, by counsel, pursuant to Rule 54 of  the Federal Rules of Civil Procedure, and moves this Honorable Court to issue a final and appealable judgment/order in the above-styled case.  In support hereof, counsel for Plaintiff states that even though this Court's successor changed the name of the case, leaving Hardy as the lone Defendant,  the parties and this Court's successor continued to litigate the case as if the Defendants did not change. In other words, the reality and historicity of their actions did not change for several reasons. First, it would require Averett to ignore Coleman's providing Hardy with some of the very material that the Court finds objectionable.  Indeed, it must be noted that despite the dismissals of the other Defendants, the roles that they played in the deprivations suffered by Averett were not erased by this Court's rulings.  For example, this Court dismissed the claims against Mardis and Taylor, holding that

they played no role in the injuries suffered by the University Defendants.  Notwithstanding Judge

Beaton's echoing this Court's holdings, certain transgressions of others were exposed.  For

example, this Court acquitted, as it were, Dean Mardis, holding that he, among others, played no

role in the deprivation of Averett's rights to due process.  Indeed, he was the leading transgressor

in the second shameful due-process-less hearing.  Indeed, it is highly significant that Brian

Bigelow played a role in the failed due process proceedings. Even more significant, counsel for

Coleman and counsel for Hardy and the University Defendants found that Coleman's packaging

of the due-process packaging objectionable, i.e, the very material that she produced.

Significantly, Dean Mardis and Dean Taylor did not find any contents in the package

objectionable. Furthermore, if Bigelow was actually employed by the University at the time and

was actually present that morning of the hearing when Hardy claims she sought his approval for

the contents of the packet.   Bigelow obviously did not object, but relied on  to the scandalous

material which was caused and produced by Coleman.  Significantly, Dean Mardis and Taylor

did not find any contents in the packet objectionable.  Furthermore if Bigelow was actually

employed by the University at the time and was actually present the morning of the hearing when

Hardy claimed she sought his approval for the contents of the packet, Bigelow obviously did not

object, but approved of the scandalous material, which was caused and produced by Coleman.

Significantly, the Court referenced Detective Brown's involvement and acknowledgement of

same.  Based on these facts, and more, counsel for Plaintiff requested the Court to write an

opinion and order addressing these concerns so he could research the authorities upon which the

Court was relying.  It was the undersigned's understanding that the Court agreed to do that.

**WHEREFORE**, for the foregoing reasons, and in the interest of justice, Plaintiff prays the Court to enter a final and appealable order, or simply declare that the order that the Court has already entered is final and appealable.

Respectfully Submitted,

_____/s/  Aubrey Williams
**AUBREY WILLIAMS**
401 West Main Street
One Riverfront Plaza, Ste.1708
Louisville, KY. 40202
Aubreyw8243@bellsouth.net
(502) 581-1088
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed with the Clerk via the Court's CM/ECF filing system on April 7, 2023 which will send notice of filing to the following attorneys of record on even date.

Hon. Matthew Barszcz
Hon. Donna King Perry
DINSMORE AND SHOHL, LLP
101 South Fifth Street, Suite 2500
Louisville, KY  40202
**Counsel for University Defendants (all)**

Hon. Jeremiah A. Byrne
Frost Brown Todd, LLC
400 West Market Street
32nd Floor
Louisville, KY  40202
**Counsel for Destinee Coleman**
**Hensley, Casey<tensely @fbtlaw.com; Robinson,Chrisrobinson @fbtlaw.com;flanigan,**
**Joanna Flanagan @fbtlaw.com**

/ s / Aubrey Williams