# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF KENTUCKY LOUISVILLE DIVISION

**KEMARI AVERETT**

v.  No. 3:19-cv-116-BJB

**SHIRLEY ANN HARDY, ET AL.**

\* \* \* \* \*

## CORRECTED ORDER DENYING PLAINTIFF'S RULE 54(b) MOTION AND DENYING DEFENDANT/COUNTERCLAIMANT'S MOTION TO MODIFY SCHEDULING ORDER

The Court previously denied the Plaintiff's Rule 54(b) motion for lack of a final judgment: the prior rulings granting in part the motion to dismiss (DN 55), granting the motions for summary judgment (DN 180), and denying the motion for reconsideration (DN 180) did not resolve this case in full.

At the hearing on Plaintiff's motion, the parties and the Court proceeded on the assumption that these rulings fully resolved the Plaintiff's claims, leaving only the counterclaims to adjudicate. The Court's order denying the Rule 54(b) motion (DN 205) echoed this mutual (mis)understanding. But the Court's independent review of the record now reveals this was incorrect: the Plaintiff's Second Amended Complaint states a defamation claim against Defendant/Counterclaimant Destinee Coleman (DN 5 at 17), which Coleman never moved to dismiss or otherwise reject. So this claim is not, in fact, resolved. *See* DN 55, DN 180.

This of course cuts against Plaintiff's request for an immediate appeal. Both sides have claims left to pursue. So the revelation of this claim does not undermine the Court's order denying Plaintiff's Rule 54(b) motion: the Court's rulings are not final *and* there is just reason for delay. The Court therefore corrects its prior order, but persists in its denial of the Plaintiff's Rule 54(b) motion. (And further notes that, in the meantime, the Sixth Circuit has dismissed the Plaintiff's notice of appeal for want of prosecution.) Given the

inattention this claim has received thus far, **the parties must, within 21 days, file joint or separate status reports regarding the Plaintiff's defamation claim.**

The Court further denies the Defendant/Counterclaimant's motion to modify the scheduling order and set a status conference. DN 207. Her motion rests on the fact that the Plaintiff filed this suit and, in the ordinary course, would be expected to file the initial pretrial briefs. But we are by now far from the ordinary course. Most of the remaining claims are brought by Ms. Coleman: she asserts five counterclaims, while only one claim remains pending against her. No interest in economy or fairness would be served by modifying the Court's pretrial scheduling order, which calls for Ms. Coleman to submit the initial filings. **All previously entered pretrial deadlines therefore remain in force.**

Benjamin Beaton, District Judge
United States District Court

June 23, 2023