UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00116-BJB

**KEMARI AVERETT**                                                                                           **PLAINTIFF**

**VS.**

**SHIRLEY ANN HARDY, et al.**                                                                    **DEFENDANTS**

## ORDER

Before the Court is Defendant Destinee Coleman's Motion to Strike Unredacted Trial Exhibits. (DN 221). Plaintiff Kemari Averett has responded in opposition. (DN 222). Defendant Coleman has filed a reply. (DN 223). The District Judge has referred this case to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) for determining all pretrial matters, including non-dispositive motions. (DN 80).

### I. Background

Plaintiff Kemari Averett and Defendant Destinee Coleman had a sexual encounter in Plaintiff's University of Louisville campus room in mid-August 2018. (DN 1-3, at PageID # 37). The Parties dispute the details of the encounter. Plaintiff claims he and Defendant Coleman had consensual sex. (*Id.*). Defendant Coleman asserts that Plaintiff forced himself on her. (DN 24, at ¶¶ 52, 57). Plaintiff brought this lawsuit in February of 2019 against Defendant Coleman and several University of Louisville affiliated Defendants.[1] (DN 1). The only remaining count from Plaintiff's Complaint is a defamation claim against Defendant Coleman. (*See* DN 210). Defendant

---

[1] The claims against the University-affiliated defendants have been dismissed.

Coleman has asserted counterclaims of battery, assault, intentional infliction of emotional distress, abuse of process, and invasion of privacy against Plaintiff. (DN 24, at PageID # 256-60).

With dispositive motions completed and settlement negotiations unsuccessful, the Court entered a Scheduling Order on June 2, 2023, setting the case for trial beginning December 11, 2023 and setting pretrial filing deadlines. (DN 205). The Scheduling Order required Plaintiff to file a trial brief by August 14, 2023, including "the party's witness and exhibit lists, deposition designations, and proposed jury instructions and voir dire questions." (*Id.*). Plaintiff timely filed his trial brief and, in doing so, filed eighteen exhibits in the record he intends to present at trial. (DN 218).

Defendant Coleman has filed the instant Motion to Strike, explaining that several of Plaintiff's trial exhibits contain her personal identifiers and private information (her home address, phone number, her mother's address, her social security number, her birthdate, and irrelevant details about her medical history). (DN 221). She explains that the public's access to her private information puts her in danger and leaves her subject to harassment based on her status as a rape victim and because this is a "highly-publicized" case that is "the subject of public debate and opinion." (*Id.* at PageID #3450). Defendant Coleman requests the offending exhibits be stricken from the record or that Plaintiff's Counsel be required to file redacted versions of the exhibits. (*Id.* at PageID # 3451). Additionally, Defendant Coleman requests reasonable attorney's fees and costs related to the filing of her Motion. (*Id.*).

Plaintiff's Counsel admits his mistake in filing exhibits containing Coleman's personal information but explains he was "under extreme duress" in meeting the filing deadline. (DN 222). This duress allegedly stemmed from several factors, including Plaintiff's Counsel's "horrific car wreck," "an optic event . . . [that] brought computer operations to a halt," and failed

2

communications with the Judge's case manager. (*Id.*). Because he did not create the filed exhibits and simply filed the documents in the format he received them from Defense Counsel, Plaintiff's Counsel argues no sanctions should be levied. (*Id.*).

## II. Legal Standard

Federal Rule of Civil Procedure 5.2(a) provides that an electronic filing with the court that contains an individual's social security number, taxpayer-identification number, or birth date . . . may include only (1) the last four digits of the social-security number and taxpayer-identification number; and (2) the year of the individual's birth . . . ." Fed. R. Civ. P. 5.2(a)(1)-(2). Subsection (e) of this Rule states that "[f]or good cause," the Court may issue a protective order that requires "redaction of additional information; or limit[s] or prohibit[s] a non-party's remote electronic access to a document filed with the court." *Id.* (e)(1)-(2). Good cause can be shown by demonstrating that the "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983).

## III. Analysis

After reviewing the exhibits flagged by Defendant Coleman here, the Court finds Plaintiff's Counsel's filings violate Rule 5.2(a). Exhibits 7(a) and 10 include Coleman's full social security number, birthdate, and address. Exhibit 7(b) includes Coleman's mother's home address. This information is irrelevant to the merits of the action. Defendant Coleman's strong privacy interest in this case due to the nature of the allegations and the potential for harassment outweighs the public's right to know such information.[2] *See, e.g., Concerned Pastors for Social Action v. Khouri*,

---

[2] In fact, the Court has on more than one occasion called attention to Plaintiff's Counsel's attempts to harass or embarrass Defendant Coleman throughout the litigation. *See* DN 108 at PageID # 971 (noting that the Plaintiff's briefs and communications with opposing counsel blatantly violated the spirt of Federal Rule of Evidence 412, by seeking information about her sexual history or sexual predisposition simply to stereotype her and harm her reputation.); DN 194, at PageID # 2621 (noting that an issue running through the submissions in the case is that many of Plaintiff's contentions are "obscured by unsupported assertions and rhetoric . . ." and finding many statements in Plaintiff's brief

No. 16-10277, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016) (finding good cause where witnesses' privacy interest in home addresses in high profile case outweighed public's right to know).

This is not the first time Plaintiff's Counsel has made filings in violation of Rule 5.2. (DN 36). Over four years ago, the Court admonished Plaintiff's Counsel for the same conduct in this case and directed Plaintiff to file redacted versions of the documents containing Coleman's personally identifiable information. (*Id.*). The Court's previous Order declined to impose attorney's fees as requested by Defendant Coleman but warned Plaintiff's Counsel that "his failure to comply with Federal Rule 5.2 going forward will result in an imposition of sanctions." (*Id.*).

None of the justifications or excuses provided in Plaintiff's Counsel's Response excuse his repeated failure to redact private information and otherwise comply with the Court's Orders and Rules throughout this litigation. Though the Court certainly sympathizes with Plaintiff's Counsel's assertions that he sustained injuries during a car accident, Plaintiff's Counsel does not provide the date of the wreck or any details as to how the extent of his injuries prevented him from complying with Rule 5.2.

Plaintiff's Counsel claims he endured hardships in meeting his pre-trial deadline for filing exhibits, which resulted in the Rule 5.2 violation. Yet the Court never ordered Plaintiff to file his trial exhibits in the record; the Scheduling Order only required Plaintiff to file an exhibit list. (*See* DN 205). Plaintiff's Counsel's alleged hardships in getting these exhibits filed, accordingly, were largely a result of his failure to carefully read and follow the Court's Scheduling Order. This type of careless behavior has unfortunately been a pattern for Plaintiff's Counsel during this litigation.

---

to be "scandalous, irrelevant, and unsupported by record evidence . . . in effect . . . amount[ing] to a lawyer's rhetoric attacking the character of a party.").

4

(*See* DN 108 (noting that while Plaintiff's Motion to Compel was successful as to certain discovery requests, he could have avoided certain arguments altogether by reviewing Defendant Coleman's supplemental discovery responses); DN 194 (permitting Defendant Coleman's version of Plaintiff's redacted opposition brief to be the version publicly available in the docket where Plaintiff filed only "a short and unresponsive response" that did not comment on Defendant Coleman's proposed redactions and did not address the reasoning behind the order to strike)).

The Court does not doubt Plaintiff's Counsel's representation that a service outage occurred with his internet on August 14, 2023, the day Plaintiff's pre-trial filings were due. But the Scheduling Order was entered on June 2, 2023, meaning Plaintiff's Counsel had over two months to complete his pretrial filings. Waiting until the eleventh hour to do so, and allegedly not having time to sufficiently review the exhibits before publishing them to the record, is not a viable excuse for once again entering Defendant Coleman's private information in the record. As with Plaintiff's Counsel's general carelessness, Plaintiff's dilatory behavior and difficulty in meeting deadlines has permeated this litigation. (*See* DN 152 (Court's denial of Plaintiff's Second Motion to Modify Scheduling Order because Plaintiff failed to demonstrate diligence in attempting to meet pretrial deadlines); DN 156 (denying Plaintiff's fifth motion to amend complaint as it was filed almost a year after the deadline to amend pleadings had passed and he has not shown good cause for amendment); DN 209 (Sixth Circuit dismissing Plaintiff's appeal for want of prosecution)).

Plaintiff's Counsel lastly attempts to blame Defense Counsel for producing documents in discovery that contained the personally identifiable information at issue here. Rule 5.2 explicitly places the duty for redacting the protected information on the party seeking to file such exhibits electronically in the record. Whether Defense Counsel should have redacted such information before producing the documents in discovery has no bearing on whether Plaintiff's Counsel should

be excused from complying with Rule 5.2. The Rule serves as a backstop for ensuring that personally sensitive information is not electronically filed in the Court's record for public viewing.

Generally, the Court would remedy a Rule 5.2 violation by ordering the non-moving party to file redacted versions of the documents containing personal and sensitive information. Under the circumstances here, the better course is to strike all trial exhibits filed by Plaintiff's counsel. Again, neither party's trial exhibits were meant to be part of the electronic record in this case. Plaintiff shall redact these exhibits before they are introduced at trial.

Turning to Defendant Coleman's request for attorney's fees, the Court emphasizes its prior warning to Plaintiff's Counsel that failure to comply with Rule 5.2 in future filings would result in sanctions. The serious privacy concerns implicated in this case and Plaintiff's Counsel's repeated carelessness further weigh in favor of granting sanctions. The Court, accordingly, uses its inherent authority to grant Defendant Coleman reasonable attorney's fees for filing the instant Motion to Strike (DN 221). *See Reed v. AMCO Ins. Co.*, No. 3:09-CV-0328-LRH-RAM, 2012 WL 1964094, at *1 (D. Nev. May 31, 2012) (granting plaintiff's motion for attorney's fees as a sanction against defendant's multiple violations of Rule 5.2).

## IV. Order

For the reasons discussed above and the Court being otherwise sufficiently advised, **IT IS THEREFORE ORDERED** that Defendant Coleman's Motion to Strike (DN 221) is **GRANTED.** The Clerk of Court is directed to strike all exhibits entered by Plaintiff's Counsel at DN 118. Plaintiff's Counsel shall redact the protected information from these exhibits before introducing them at trial.

**IT IS FURTHER ORDERED** that Defendant Coleman's request for attorney's fees related to the filing of her Motion to Strike is **GRANTED.** Defendant Coleman shall submit a detailed bill of costs to the Court within ten (10) days entry of this Order.

Regina S. Edwards, Magistrate Judge
United States District Court

August 24, 2023

Copies:      Counsel of Record