UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00116-BJB

**KEMARI AVERETT**                                                                                           **PLAINTIFF**

**VS.**

**DESTINEE COLEMAN**                                                                                     **DEFENDANT**

## ORDER

On August 25, 2023, the Court granted Defendant Destinee Coleman's Motion to Strike Unredacted Trial Exhibits and used its inherent authority to grant sanctions against Plaintiff's Counsel in the form of reasonable attorney's fees. (DN 224, at PageID # 3466). The Court directed Defense Counsel to file a detailed bill of costs related to filing the motion to strike. Defense Counsel has now filed their Bill of Costs (DN 229), and the time for Plaintiff's Counsel to object has passed.

The Court must first analyze whether the funds requested by Defendant Coleman's Counsel are reasonable and appropriate. To determine a reasonable hourly rate for counsel's services, the Court looks to the prevailing market rate "that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). The party seeking an award of fees generally must submit evidence supporting their claimed rate and hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Three attorneys assisted in filing Defendant Coleman's Motion to Strike. (DN 229). First was Attorney Jeremiah Byrne, billing at a rate of $505.00 hourly. (*Id.*). Second was Attorney Casey Wood Hensley, billing at a rate of $450.00 hourly. (*Id.*). And third was Paralegal Joanna P.

Flanigan, billing at a rate of $255.00 hourly. (*Id.*). Defense Counsel did not provide any support for the reasonableness of their proposed hourly rates.

After conducting independent research, however, the Court finds the submitted billing rates for the two attorneys and the paralegal here to be slightly higher than the prevailing market rate in Louisville, Kentucky. Nearly four years ago in *Green v. Platinum Restaurants Mid-America, LLC*, this Court reduced two attorneys' requested rates from $625.00 to $500.00 hourly and from $500.00 to $400.00 hourly based on other rates recently awarded in this District. No. 3:14CV-00439-RGJ, 2019 WL 13185943, at *5 (W.D. Ky. Aug. 22, 2019) (citing *Marshall v. Rawlings, Co., LLC.*, No. 3:14-CV-359-TBR, 2018 WL 3028574, at *5 (W.D. Ky. June 18, 2019) (noting that courts within the Western District of Kentucky have issued wide-ranging hourly fees from $180.00 to $340.00); *Pogue v. Northwestern Life Ins. Co.*, No. 3:14-CV-598-CRS, 2017 WL 1520432, at *3-4 (W.D. Ky. Apr. 25, 2017) (finding $340.00 hourly to be reasonable for this District); *Lani v. Schiller Kessler & Gomez*, No. 3:16-CV-00018-CRS, 2016 WL 7401790, at *4 (W.D. Ky. Dec. 19, 2016) (finding rates between $275.00 and $400.00 hourly to be reasonable in this District)). In *Green*, this Court noted that even the reduced rates of $500.00 and $400.00 hourly were "at the higher end of the reasonable range of fees of what this District has viewed as the prevailing market rate" but that such rates would adequately compensate counsel without producing a windfall. 2019 WL 13185943, at *5.

In other more recent cases, this Court has found similar or lower hourly rates to be reasonable after considering a host of factors, including the type of case, counsel's level of experience, and the time and labor involved. *See, e.g., Nelson v. Metalsa Structural Products, Inc.*, No. 3:21-CV-00293-CHB-CHL, 2022 WL 1922570, at *7-8 (W.D. Ky. May 19, 2022) (finding rates of $275.00 for senior attorney, $225.00 for associate attorney, and $75.00 for

paralegal to be consistent with rates that federal courts in Kentucky have found reasonable in simple employment and civil rights cases); *Hendricks v. Quickway Transportation, Inc.*, No. 3:20-cv-710-BJB-CHL, 2021 WL 1235265, at *4 (W.D. Ky. Apr. 2, 2021) (stating hourly rates between approximately $300.00 and $400.00 represented reasonable partner rates in employment disputes).

The Court here has no information regarding the level of experience of Mr. Byrne, Ms. Hensley, or Ms. Flanigan. The lack of support within the Motion, along with the caselaw mentioned above, prompts the Court to slightly reduce Defense Counsels' requested hourly rates to better align with Louisville's prevailing market rates. Yet because Plaintiff did not object to Defendant's Counsel's Bill of Costs and essentially forfeited his objection to the reasonableness of these rates, the Court will set rates on the higher end of those that other judges in this District have found appropriate. Accordingly, the Court will grant Mr. Byrne a $400.00 hourly rate; Ms. Hensley a $350.00 hourly rate; and Ms. Flanigan a $200.00 hourly rate.

Once the reasonable hourly rates are established, the Court must multiply that rate by "the proven number of hours reasonably expended . . by the attorney." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). The Court finds, after reviewing the estimated hours expended, that Defense Counsels' billed hours are reasonable. The two attorneys and one paralegal expended only a combined total of 5.7 hours in reviewing Plaintiff's pretrial exhibits, drafting a four-page motion to strike, analyzing Plaintiff's response, and drafting a two-page reply brief. In applying the reduced hourly rates to the reasonable hours expended, the new total equals $1,820.00.

The last question relates to where payment of the attorney's fees, totaling $1,820.00, should be directed. The two attorneys and paralegal that performed work related to Defendant's successful Motion to Strike work for the private law firm of Frost Brown Todd. But Defense Counsels' Bill of Costs indicates they are working "on a pro bono basis upon a referral from The Legal Aid

Society." (DN 229). The docket also reflects that an attorney from the Legal Aid Society, Lauren Elizabeth Robinson-Kinney, has entered an appearance on Coleman's behalf.

Though Plaintiff's Counsel has not objected to the propriety of attorneys' fees here, the Court notes that an attorney's pro bono status does not bar that attorney's recovery of fees and costs as a sanction. *See Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 287 (2d Cir. 2021) (the pro bono nature of defense counsel's representation is not a barrier to a sanction of attorney's fees pursuant to the district court's inherent powers) (collecting cases). This is because the principal goal of sanctions is not to remedy harm to the opposing party but to deter repetition of the misconduct by the offending party and others. *Id.* Even where counsel has not received fees from their client, courts have pegged sanctions to attorney's fees and costs. *Usheron v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 3483661, at *20 (S.D.N.Y. June 26, 2020) (citing *Dallas v. Goldberg*, No. 95-CV-9076 (LTS)(RLE), 2003 WL 22872325, at *1 (S.D.N.Y. Dec. 5, 2003) (requiring the defendants to pay, as sanctions under Rule 16 and the court's inherent authority, "reasonable attorneys' fees and expenses incurred" even though the plaintiff's lawyer was handling the case *pro bono* at the court's request); *Nat'l Lawyers Guild v. Att'y Gen.*, 94 F.R.D. 616, 618 (S.D.N.Y. 1982) ("[C]ourts have rejected the contention, in situations analogous to Rule 37 sanctions, that plaintiffs represented on a pro bono basis are not entitled to attorneys' fees, or should receive a reduced amount.") (add'l citations omitted)).

Accordingly, Defense Counsel are entitled to the $1,820.00 in attorney's fees resulting from Plaintiff's Counsel's misconduct. Though Mr. Byrne, Ms. Hensley, and Ms. Flanigan represent Defendant on referral from the Legal Aid Society, nothing in the record reflects they are operating as counsel on behalf of the Legal Aid Society. The lone attorney that has entered an appearance on behalf of the Legal Aid Society, Ms. Robinson-Kinney, does not request any

attorney's fees relating to the motion to strike. For these, reasons, the Court will award the $1,820.00 directly to Frost Brown Todd on behalf of Mr. Byrne, Ms. Hensley, and Ms. Flanigan.

**IT IS THEREFORE ORDERED** that Plaintiff's Counsel shall pay Frost Brown Todd the sum of **$1,820.00 within thirty (30) days** entry of this Order.

Copies:             Counsel of Record