UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KEMARI AVERETT                                                                                    PLAINTIFF

v.                                                                                        NO. 3:19-CV-116-BJB

SHIRLEY HARDY, ET AL.                                                                      DEFENDANTS

## FINAL ORDER

    The Plaintiff and the last remaining Defendant in this case, Destinee Coleman, recently filed a stipulation of dismissal resolving all claims and counterclaims between them. Because the Court previously either dismissed (DN 55) or granted summary judgment on (DN 194) all of Plaintiff's claims against the University of Louisville and the other individual Defendants, no live claims remain in this case.*

    The Plaintiff, however, filed a notice of appeal before this case became final. After the Court granted the final University Defendant's motion for summary judgment, *see* DN 194, Averett moved for entry of a "final and appealable judgment" under FED. R. CIV. P. 54, *see* DN 195, and filed a notice of appeal, *see* DN 196.

    The Court construed the motion as a request for "final judgment as to one or more, but fewer than all, claims or parties" under Rule 54(b). *See* DN 205. And the Court denied the motion because "'just reason for delay' in the appeal" remained: Coleman's counterclaims had not been resolved. *Id.* at 1 (quoting *Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 821 (6th Cir. 2005). The Court again concluded that an immediate, partial appeal was unwarranted after its independent review of the docket revealed that Averett's defamation claim against Coleman had not been resolved either. *See* DN 210 ("This of course cuts against Plaintiff's request for an immediate appeal. Both sides have claims left to pursue.").

    As to the notice of appeal, the Clerk of the Sixth Circuit docketed the appeal and held it in abeyance "until after the district court rules on pending motions … and jurisdiction transfers to the Sixth Circuit." DN 198. The Sixth Circuit then dismissed Averett's appeal for failure to prosecute—noting several deficiencies on the docket.

---

    * Averett's second amended complaint (DN 5) is the operative complaint. The Court denied, as futile, three additional attempts to amend. *See* Motion to Dismiss Opinion & Order (DN 55) at 4–9 (denying as futile motions to file third (DN 32) and fourth (DN 45) amended complaints); Opinion & Order Denying Motion to Amend (DN 156) at 1–6 (denying as futile motion to file fifth amended complaint (DN 117)).

DN 209. After Averett moved to reinstate the case, the Sixth Circuit concluded that "the default which led to dismissal of the appeal has been cured" and granted the motion. DN 211.

Meanwhile, in June 2023, the Court scheduled a trial on Averett's defamation claim and Coleman's counterclaims (against which Averett never filed a dispositive motion). DN 205. At the final pretrial conference, Averett and Coleman agreed to a settlement, DN 239, and have since filed a joint stipulation of dismissal, DN 241. The Court therefore acknowledges, under FED. R. CIV. P. 41, the dismissal of Averett's defamation claim against Coleman and the dismissal of Coleman's counterclaims. Given that, the Court denies DNs 215, 226, 227, and 233 as moot. After a lengthy and circuitous journey, therefore, the case is now final and appealable. *See, e.g.*, *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009) ("A grant of partial summary judgment that does not dispose of all parties and all claims … becomes a final judgment when a district court thereafter disposes of all remaining claims and parties.").

One motion remains undecided, but it doesn't stand as a barrier to appellate review. In response to the Plaintiff's repeated failures to redact or seal sensitive personal information in accordance with FED. R. CIV. P. 5.2, Coleman moved to strike several unredacted exhibits that Averett had filed alongside his trial brief. DN 221. Coleman requested attorneys' fees and costs associated with the motion to strike. *Id.* Magistrate Judge Edwards granted the motion and ordered Plaintiff's counsel to pay $1,820 to Coleman's counsel. DNs 224, 236. The Plaintiff sought relief from this sanctions order through a motion that remains pending. *See* DN 240.

But because the law treats sanctions orders (like the imposition of costs and attorney's fees) as collateral issues, these limited proceedings do not preclude entry of judgment and may continue past the date when the case became final for appellate review. *See, e.g.*, *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir. 1988) ("The district court retains jurisdiction to resolve a motion for attorneys fees or sanctions even while an appeal of the merits is pending in the court of appeals."); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("[T]he imposition of a Rule 11 sanction … may be made after the principal suit has been terminated.").

In light of Averett's and Coleman's stipulated dismissal (DN 241), the grant in part of the University Defendants' motion to dismiss (DN 55), and the grant of summary judgment to Hardy (DN 194), the Court strikes this case from its active docket. This is a final order.

cc: Counsel of record

Benjamin Beaton, District Judge
United States District Court

December 11, 2023