*FILED ELECTRONICALLY*

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **KEMARI AVERETT,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | *Case No. 3:19-CV-00 B116-BJB-RSE* |
| ) | |
| **v.** ) | |
| ) | |
| **SHIRLEY HARDY, ET AL.** ) | |
| ) | |
| **Defendants** ) | |

## OPPOSITION TO SUMMARY JUDGMENT---SPOILATION OF EVIDENCE

Comes Plaintiff Kemari Averett, by counsel, and moves this Honorable Court to first vacate the Opinion and Order issued by Judge Beaton which vacated Judge Hale's Opinion AND ORDER holding that Hardy and the University of Louisville Defendants deprived Averett of his rights to procedural due process in the investigation, putting together the evidence packet, depriving him of his rights to procedural die process in the their investigation of the alleged rape, failing to interview his witnesses, including his roommate and neighbor. Their failure of due process continued in the prosecution and presentation of the evidence, including refusing to admit his version of the incident. For instance, Hardy forced him to scrap his version of the incident and his history with Coleman and replace it with a truncated version of the history of their relationship. Hardy's investigation included Detective Brown's assisting her in gathering evidence. Detective Brown served a warrant on Averett, which Averett's lawyer approved and cooperated with Brown who explained that he was taking Averett's phone to the FBI offices to

document and to extract the contents of the phone, which contain explicit sexual images of Coleman and that she had sent to Averett. Sometime after Averett and his lawyer released the phone to Brown but hearing nothing from him, his attorney contacted Brown for an explanation, informing him that he had planned to have the phones searched and inspected by experts chosen by him. Brown explained to him that all the images had been destroyed during his effort to extract the material from the phone. When Averett's attorney asked Brown where was the phone, and Brown responded that it had been destroyed that destroyed Averett's plans to have the phone and its images examined by his experts that eliminated the strong and irrefutable evidence that he could not possibly have raped Coleman. Clearly were it not for Brown's mishandling and the destruction of the cell phone there would be no doubt that Coleman's claim that he raped her there would be no proof or corroboration to support her tale. The loss of the phone and it's exculpatory evidence was extremely detrimental to Averett's defense, his innocence and written explanation of the facts which Hardy forced him to reduce and practically erase. These events, most of which were pointed out by Judge Hale leaves any doubt that Hardy's handling of the case deprived Averett of his right to due process under the Fourteenth Amendment to the United States Constitution.

      She only reached out to witnesses and friends of Coleman's story but did not contact witnesses for Averett. For example, she did not call Detective Brown as a witness despite the fact that he had seized Averett's phone and could corroborate that Coleman sent sexually explicit material to him that was exculpatory.

      Wherefore, for the foregoing reasons, and in the interest of justice, Judge Hale's Opinion and Order should clearly be reinstated as written. Furthermore, fitting sanctions should be

assessed against Hardy and the University Defendants, including, but not limited to reasonable attorney fees.

After making use of the material, Detective Brown informed the undersigned that its contents were destroyed.  Equally disturbing, he did not return the phone to the undersigned, thus preventing the undersigned from having it examined by his own experts who were expected to confirm the descriptions given by him and confirmed by Ms. Coleman.

Returning to the primary object of this motion, ,i,e, the lost, phone, Averett's most compelling argument,  for preserving and strengthening the strong case for a just and well-deserved outcome,  laid out  by the brilliant analysis of procedural due process by Judge Hale, is that the University of Louisville and its agent and pseudo employee  be sanctioned………… .His inexcusable behavior compounded by the error of Judge Beatons 'Opinion and  Order.

WHEREFORE, for the foregoing reasons Plaintiff prays the reinstatement of Judge Hale's Opinion and Order and additional sanctions that this honorable Court deems appropriate, including the awarding of reasonable attorney fees to Averett's attorneys.in addition to a trial on the whole case.

Respectfully submitted,

Aubrey Williams
One Riverfront Plaza, Ste. 1708
401 West Main Street
Louisville, KY  40202
(502-581-1088
E:Aubreyw8243@bellsouth.net
**Counsel for Plaintiff**

_____

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing document was filed with the Clerk
via the Court's electronic filing system on the 25th day of March, 2024 which sent notice
to notice of filing to the following individuals on even date:
Donna King Perry
Matthew Barscz
Dinsmore &Shohl, LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
Counsel for Shirley Ann Hardy and University Defendants
Email:donna.perry@dinsmore.com
Email:matthew.baarszcz@dinsmore.com
Jeremiah A.Byrne
D. Christopher Robinson
CaseyWood Hensley
Frost Brown Todd 400 West Market Street, 32nd Floor
Louisville, KY40202
E.Mail:jybyrne@fblaw.com

Counsel for Destinee Coleman

Motion having been made and the Court being otherwise sufficiently advised, Judge Beaton's, grant of summary judgment is stricken and held for NAUGHT. Further, Judge Hale's Opinion and Order is reinstated.

_____
Judge

Entered this \_\_\_\_\_ Day of March, 2024