UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**KEMARI AVERETT**                                                           PLAINTIFF

v.                                                                    No. 3:19-CV-116-BJB

**SHIRLEY HARDY, ET AL.**                                                   DEFENDANTS

## ORDER

  Kemari Averett recently filed a motion to vacate (DN 248†) the Court's order granting partial summary judgment (DN 194) and a motion for a ruling (DN 252) on that motion. Shirley Hardy has opposed Averett's motion to vacate (DN 251). Although Averett does not indicate the legal basis for his motion to vacate, the Court construes it as a motion for relief from a judgment under FED. R. CIV. P. 60(b).

  The snag is that Averett has already filed a notice of appeal to the Sixth Circuit. So this Court's authority to (re-)address the merits of his arguments is quite limited. *See Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995) ("It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal."). Given that Averett asks this Court to revisit its answers to questions currently pending before the Court of Appeals, this Court may not grant his motion absent a remand from the appellate court. *See, e.g.*, *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) ("As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter.").

  True, a district court may review a Rule 60(b) motion for the limited purpose of "indicat[ing] that it will grant the motion" if the Court of Appeals were to remand. *Post v. Bradshaw*, 422 F.3d 419, 422 (6th Cir. 2005). This Court, however, fails to see any basis on which it might grant Averett's motion. That request, which lacks both legal and evidentiary citations, appears to simply rehash arguments already rejected by the Court—including Averett's misperception of the distinction between pleadings accepted as true and facts that must be proven. *See* DNs 55

---

† The motion is styled in the docket as a "motion to vacate" and in the caption as an "Opposition to Summary Judgment---Spoilation [*sic*] of Evidence." It doesn't cite any rule of procedure under which Averett filed the motion. Nor does it say anything about spoliation or about summary judgment, which Averett already opposed and the Court already granted long ago.

1

(granting partial motion to dismiss), 194 (granting summary judgment), 248 (asking district court to "vacate the Opinion and Order issued by Judge Beaton which vacated Judge Hale's Opinion AND ORDER holding [*sic*] that Hardy and the University of Louisville Defendants deprived Averett of his rights to procedural due process in the investigation...."). Nor does the motion provide any basis for granting relief under Rule 60(b). So the Court defers ruling on the motion to vacate (DN 248) until the appeal has concluded and (necessarily) denies the motion for a ruling (DN 252).

If—following the disposition of the appeal—Averett still seeks to pursue the motion to vacate, the Court asks him to file a supplemental brief within 21 days of the issuance of the Court of Appeals' mandate.

cc: Counsel of record

Benjamin Beaton, District Judge
United States District Court

June 7, 2024